[No. 19973–1–I.   Division One.   April 24, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CRAIG ALAN EDWARDS, *Appellant.*

908

*Julie A. Kesler* and *Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca Roe, Deputy,* for respondent.

WEBSTER, J.—Craig Alan Edwards, an adjudicated "sexual psychopath," appeals an order fixing his minimum term

for three pre–SRA sexual offenses beyond the SRA standard range. Edwards also assigns error to the trial court's denial of his motion to have an expert appointed at public expense to determine his amenability to outpatient treatment. We affirm.

## FACTS

Edwards pleaded guilty to two counts of first degree statutory rape and one count of first degree rape on July 19, 1982. The two statutory rape counts reflected Edwards's 3–year abuse of his 8–year–old and 10–year–old nieces.

Edwards was originally sentenced to life imprisonment. His sentence was suspended for 10 years on condition that he successfully complete a sexual psychopathy program at Western State Hospital. Edwards remained in the program for 3 years, but then he refused to cooperate.

Edwards came before the court pursuant to RCW 71.06-.091, which provides for the release, recommittal, or incarceration of committed "sexual psychopaths" following determinations that they have "received the maximum benefit of treatment" or are "not amenable to treatment".[1]

---

[1]RCW 71.06.091 reads as follows:

"A sexual psychopath committed pursuant to RCW 71.06.060 shall be retained by the superintendent of the institution involved until in the superintendent's opinion he is safe to be at large, or until he has received the maximum benefit of treatment, or is not amenable to treatment, but the superintendent is unable to render an opinion that he is safe to be at large. Thereupon, the superintendent of the institution involved shall so inform whatever court committed the sexual psychopath. The court then may order such further examination and investigation of such person as seems necessary, and may at its discretion, summon such person before it for further hearing, together with any witnesses whose testimony may be pertinent, and together with any relevant documents and other evidence. On the basis of such reports, investigation, and possible hearing, the court shall determine whether the person before it shall be released unconditionally from custody as a sexual psychopath, released conditionally, returned to the custody of the institution as a sexual psychopath, or transferred to the department of corrections to serve the original sentence imposed upon him. The power of the court to grant conditional release for any such person before it shall be the same as its power to grant, amend and revoke probation as provided by chapter 9.95 RCW. When the sexual psychopath has entered upon the conditional release, the state board of prison terms and paroles shall supervise such person pursuant to the terms and conditions of the conditional release, as set by the court: *Provided,* That the

Edwards moved to have an expert appointed at public expense to determine his amenability to outpatient treatment, but the court denied Edwards's motion. Edwards desired not to return to Western State Hospital, so the court ordered that he be incarcerated.

The court fixed Edwards's minimum term pursuant to RCW 9.95.011. Hospital staff characterized Edwards as a "severe danger to the community," considering it "highly likely" that he would reoffend. Thus, the court set Edwards's minimum term at 156 months, exceeding the standard range of 72 to 96 months for the first degree rape conviction. The court credited Edwards with 56 months, reflecting the time he had already served in jail and the period of his confinement and treatment at Western State Hospital.

## OUTPATIENT TREATMENT

Edwards sought appointment of an expert at public expense to determine his amenability to "intensive outpatient treatment", relying on the conditional release provision in RCW 71.06.091. The trial court denied Edwards's motion, because the court read the rape confinement statutes, RCW 9A.44.045 and former RCW 9A.44.070(2), to prohibit outpatient treatment. Both statutes provided that "[n]o person convicted of rape in the first degree" or "statutory rape in the first degree" "shall be granted a deferred or suspended sentence except for the purpose of commitment to an *inpatient* treatment facility." (Italics ours.) RCW 9A.44.045; former RCW 9A.44.070(2).[2]

---

superintendent of the institution involved shall never release the sexual psychopath from custody without a court release as herein set forth."

[2]RCW 9A.44.045 provides:
   No person convicted of rape in the first degree shall be granted a deferred or suspended sentence except for the purpose of commitment to an inpatient treatment facility . . . This section applies only to offenses committed prior to July 1, 1984.
At the time of the court's denial of Edwards's motion, former RCW 9A.44.070(2) read in part as follows:

■■ We agree with the trial court. Facially inconsistent statutes should be interpreted so as to carry out the purpose of each. *In re Mayner,* 107 Wn.2d 512, 522, 730 P.2d 1321 (1986). If conflicting enactments cannot be harmonized, the more specific one controls. *Tacoma v. Taxpayers,* 108 Wn.2d 679, 690, 743 P.2d 793 (1987). Here, the legislative purpose of RCW 9A.44.045 and former RCW 9A.44.070(2) is clearly confinement, whether that be imprisonment or "commitment to an inpatient treatment facility." The purpose of RCW 71.06.091 is not release, but, rather, appropriate disposition of "sexual psychopaths." The last sentence of RCW 71.06.091 makes this clear. It states:

> When the sexual psychopath has entered upon the conditional release, the state board of prison terms and paroles shall supervise such person pursuant to the terms and conditions of the conditional release, as set by the court: *Provided,* That the superintendent of the institution involved shall never release the sexual psychopath from custody without a court release as herein set forth.

RCW 71.06.091. RCW 71.06.091 also makes clear that "[t]he power of the court to grant conditional release . . . shall be the same as its power to grant, amend and revoke probation as provided by chapter 9.95 RCW." RCW 71.06-.091. RCW 9.95 recognizes that "the court is subject to the same limitations as those placed on the [indeterminate

---

No person convicted of statutory rape in the first degree shall be granted a deferred or suspended sentence except for the purpose of commitment to an inpatient treatment facility.

Former RCW 9A.44.070(2) has since been amended to read in part as follows:

No person convicted of statutory rape in the first degree shall be granted a deferred or suspended sentence except under RCW 9.94A.120(7).

RCW 9.94A.120(7) does not apply to Edwards, because he committed his crimes before July 1, 1984. *See* RCW 9.94A.905 (effective date and applicability of Sentencing Reform Act of 1981). Even so, RCW 9.94A.120(7) permits outpatient release only in limited circumstances and only "[w]hen an offender is convicted of a sex offense other than a violation of RCW 9A.44.040". RCW 9.94A.120(7)(a). RCW 9A.44.040 defines first degree rape; thus, RCW 9.94A.120(7) adopts for the SRA the prohibition on outpatient release of first degree rapists under RCW 9A.44.045.

sentencing review board] under RCW . . . 9A.44.045".
RCW 9.95.011.

Thus, we perceive no conflict between RCW 9A.44.045
and former RCW 9A.44.070(2), the first degree rape con-
finement statutes, and RCW 71.06.091, the sexual psycho-
path disposition statute. The combined purpose of the
three statutes with respect to "sexual psychopaths" who are
also first degree rapists is imprisonment if inpatient treat-
ment fails. This interpretation affords maximum effect to
the rape confinement and sexual psychopath statutes. *Cf.
In re Hunter,* 106 Wn.2d 493, 723 P.2d 431 (1986)
(requirement of RCW 9.95.040, that pre–SRA offenders
armed with deadly weapons at the time of their crimes be
confined for at least 5 years, overrides obligation under
RCW 9.95.009(2) to make pre–SRA sentences "reasonably
consistent" with SRA standards).

To the extent that the rape confinement statutes might
appear to conflict with the sexual psychopath disposition
statute, they are more specific and plain in the purpose,
and, therefore, control. *See Tacoma v. Taxpayers, supra.*
RCW 9A.44.045 and former RCW 9A.44.070(2) refer
respectively to persons convicted of "rape in the first
degree" and "statutory rape in the first degree". They allow
deferred or suspended sentences only for the purpose of
"inpatient treatment". RCW 71.06.091 applies to "sexual
psychopaths" in general. "Sexual psychopaths" are men-
tally ill persons whose illnesses predispose them to commit
"sexual offenses." RCW 71.06.010. The designations "rape
in the first degree" and "statutory rape in the first degree"
are more specific than the general classification "sexual
offenses". "Inpatient treatment" is also more specific than
release, recommittal, or incarceration—the possible disposi-
tions under RCW 71.06.091. Thus, RCW 9A.44.045 and
former RCW 9A.44.070(2) define a class of sexual psycho-
paths who are ineligible for outpatient release under RCW
71.06.091.

We find frivolous Edwards's contention that outpatient
release of a first degree rapist does not offend the rape

confinement statutes, so long as the rapist is originally committed as an inpatient. If we were to adopt Edwards's interpretation, a first degree rapist could skirt the effect of RCW 9A.44.045 and former RCW 9A.44.070(2). The rapist might obtain a deferred or suspended sentence initially by expressing willingness to undergo inpatient treatment. Then, the rapist could refuse to cooperate with treatment and be returned to the court for outpatient release pursuant to RCW 71.06.091. Such a scenario would effectively repeal RCW 9A.44.045 and former RCW 9A.44.070(2), because a sentence originally deferred or suspended for the purpose of inpatient treatment does not remain deferred or suspended for the same purpose following outpatient release.

The trial court properly denied Edwards's motion to have an expert at public expense, because Edwards predicated his request on the availability of outpatient release.

### Minimum Term

Edwards argues that the trial court erred in setting his minimum term beyond the SRA standard range. Edwards relies on RCW 9.95.011, which requires the court, upon fixing a minimum term, to do so in a manner "reasonably consistent" with the SRA.

The trial court calculated the standard range for each of Edwards's first degree statutory rape convictions at 51 to 68 months, and, for his first degree rape conviction, at 72 to 96 months. The sentencing judge listed three aggravating factors in support of Edwards's 156–month minimum term: (1) Edwards's nonamenability to treatment, (2) his multiple incidents of sexual abuse of each statutory rape victim, and (3) the vulnerability of those victims.

*In re George*, 52 Wn. App. 135, 758 P.2d 13 (1988) confirms that the first two factors justify Edwards's 156–month minimum term. In *George* the trial court set a minimum term based on the defendant's guilty plea to three pre–SRA sex crimes. The standard range for the most serious count was 26 to 34 months, but the trial court nevertheless

imposed a minimum term of 211 months. The court calculated the minimum term as if nine SRA counts had been charged and proved, and consecutive sentences imposed. *George,* 52 Wn. App. at 139.

■■ The Court of Appeals affirmed the 211–month minimum term on two grounds. First, the court discussed the difference between pre–SRA and post–SRA charging practices. *George,* 52 Wn. App. at 139–46. Pre–SRA prosecutorial guidelines permitted prosecutors to consolidate multiple criminal acts against the same victim into one count. In contrast, post–SRA prosecutorial guidelines mandate multiple counts in cases involving multiple incidents against the same victim. Second, the court considered the defendant's "future dangerousness". The defendant in *George* had been committed to Western State Hospital, and like Edwards, refused to complete treatment there. *George,* 52 Wn. App. at 147–48. The Court of Appeals treated the 211–month minimum term as an "exceptional sentence", but found the sentence "fully justified", based on the defendant's multiple acts and his potential for future dangerousness. 52 Wn. App. at 138 n.1, 148–49.

Here, the same two reasons applied in *George*—multiple criminal acts in single counts and future dangerousness— justify Edwards's 156–month minimum term. First, Edwards admitted to multiple criminal acts when he pleaded guilty to the two statutory rape counts. Second, Edwards refused to continue treatment at Western State Hospital. The hospital staff characterized Edwards as a "severe danger to the community" and predicted that he was "highly likely" to reoffend.

We need not decide whether the trial court properly considered the third aggravating factor—the vulnerability of the victims—although we note that the nieces' youth was already factored into the standard range for first degree statutory rape. *See* former RCW 9A.44.070(1) (victim "less than eleven years old"). Thus, the age of the nieces did not

itself establish vulnerability. *See State v. Fisher*, 108 Wn.2d 419, 425, 739 P.2d 683 (1987) (only "extreme youth" may be a valid ground for an exceptional sentence when youth is already factored into the crime); *State v. Woody*, 48 Wn. App. 772, 742 P.2d 133 (1987) (extreme youth not established in case of 7–year–old indecent liberties victim), *review denied*, 110 Wn.2d 1006 (1988).

█ Even assuming that the trial court improperly considered the vulnerability of the statutory rape victims, the remaining factors justify the length of Edwards's minimum term. It is clear from the record that the sentencing judge placed emphasis on what are valid and substantial reasons for imposing a sentence beyond the SRA ranges and that a remand for resentencing is therefore unnecessary.

> When not all of a trial court's justifications for imposing an exceptional sentence are proper, a reviewing court can nonetheless affirm the sentence if the principal justifications relied on by the trial court are proper and the reviewing court is confident that the trial court, on remand, would impose the same sentence even without considering the improper justifications.

*George*, 52 Wn. App. at 149. *See Fisher*, 108 Wn.2d at 429 ("substantial and compelling reason justifying" sentence makes remand "unnecessary"); *see also Fisher*, at 430 n.7 ("if we automatically remanded every case where we upheld only some of the sentencing court's reasons . . . we would be imposing an unnecessary burden on the trial courts").

The sentencing judge referred to the vulnerability of the victims only in passing. The judge was particularly concerned for the future safety of the statutory rape victims, who were approximately 13 years old and 15 years old at the time. The judge believed that the only alternative to treatment in Edwards's case was "the aging process" and hoped that 8 years of additional confinement would "wear" Edwards down to the point where he would be less likely to reoffend.

We affirm, having found that outpatient release was not an option for Edwards and that the trial judge had adequate reasons for imposing a minimum term outside the SRA guideline range.

COLEMAN, C.J., and WINSOR, J., concur.

Review denied at 113 Wn.2d 1002 (1989).