37 P.3d 1240 (2002)
109 Wash.App. 779
STATE of Washington, Respondent,
v.
Steven Lee COX, Appellant.
No. 24025-4.
Court of Appeals of Washington, Division 2.
January 11, 2002.
*1241 Anthony James Lowe, Vancouver, for Appellant.
John Prince Fairgrieve, Clark County Deputy Prosecuting Attorney, Vancouver, for Respondent.
MORGAN, J.
The question is whether, based on the same incident, a person can be convicted of both summary contempt and attempted first degree escape. The answer is yes.
On December 4, 1997, Cox appeared in superior court on probation violations. The judge ordered him into custody and told him to take a seat in the jury box. Cox sat down but soon moved to a seat nearer the door. The judge warned him not to leave or he would be charged with escape. Cox then "jumped over the low wall dividing the jury box from the rest of the courtroom and ran out of the courtroom."[1] Officers pursued him, caught him, and returned him to the courtroom within a few minutes.
Back in the courtroom, Cox interrupted as the judge was speaking. The judge ordered him to remain silent, but he continued to interrupt. As a consequence, the judge summarily imposed 30 days in jail for contempt committed in the presence of the court. No one requested written findings, and the judge did not enter any.
On December 8, 1997, the State charged Cox with first degree escape. Based on Cox's leaving the courtroom, it alleged that he had escaped from custody while being detained on a felony conviction. On December 12, 1997, Cox appeared with counsel and pleaded guilty to an amended charge of attempted first degree escape. He understood, he said, that he was giving up "the right to appeal a determination of guilty after a trial."[2] He was sentenced to 32 months in prison.
On July 24, 1998, Cox moved to vacate his conviction for escape. He argued in part that the summary contempt and the escape charge had operated to place him twice in jeopardy for the same offense. The trial court denied the motion,[3] and Cox filed this appeal.
*1242 Initially, Cox argued that the trial court had erred by not entering written findings on the summary contempt. We agreed and remanded for findings,[4] which the trial court entered on October 13, 2000. In those findings, the trial court explained that it had "found [Cox] in contempt both for leaving the courtroom after being told not to and for speaking after being told not to."[5]
Based on the trial court's written findings, Cox now argues that the summary contempt proceeding and the attempted first degree escape proceeding placed him twice in jeopardy for the same offense. The State responds that he waived his claim of double jeopardy by voluntarily pleading guilty to attempted first degree escape.
We first address whether Cox waived his right to claim double jeopardy by voluntarily pleading guilty. In Menna v. New York,[6] the United States Supreme Court was reviewing a state court's determination that when a defendant enters a "counseled plea of guilty," he or she "waive[s]" any federal double jeopardy claim.[7] The United States Supreme Court held that when the double jeopardy clause of the United States Constitution otherwise applies, it precludes the State from haling the defendant into court; and that "where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty."[8] Based on Menna, there was no waiver here.
We next address whether Cox was placed twice in jeopardy for the same offense. Citing State v. Gocken,[9] he acknowledges that Washington's double jeopardy clause, which appears in Article I, § 9 of the Washington Constitution, is coextensive with the federal double jeopardy clause, which appears in the Fifth Amendment to the United States Constitution. Thus, we focus on the federal clause.
We described the federal clause in State v. Corrado,[10] wherein we said:
The double jeopardy clause guarantees that no person shall `be subject for the same offense to be twice put in jeopardy of life or limb'. Generally, it bars trial if three elements are met: (a) jeopardy previously attached, (b) jeopardy previously terminated, and (c) the defendant is again in jeopardy `for the same offense.' The first two elements determine `former' jeopardy, which is a prerequisite to `double' jeopardy. When `former' jeopardy is assumed or established, the third element determines `double' jeopardy.
Each element furthers a different policy or idea. The attachment element arises from the idea that a defendant is not in jeopardy until he or she is actually at risk of conviction; in other words, jeopardy should `attach' when an accused is at risk, but not otherwise. The termination element arises from the idea that the State should have one complete opportunity to convict; in other words, jeopardy should `terminate' when the State has had-but not before the State has had-one full and fair opportunity to prosecute. The same offense element arises from the idea that a defendant should not have to run the same `gauntlet' more than once, and, correspondingly, that the State should not have more than one opportunity to convict a defendant for the same crime.[[11]]
Here, we assumewithout so holding that summary contempt is an "offense" for purposes of double jeopardy. Thus, we further assumewithout so holdingthat jeopardy attached and terminated when the trial court summarily imposed 30 days in jail for contempt committed in its presence. The *1243 question that both remains and controls is whether summary contempt and attempted first degree escape constitute "the same" offense for purposes of double jeopardy.
Following a period of instability,[12] it now seems settled that whether two offenses are "the same" turns on the "same elements test," also known as the Blockburger test.[13] According to that test, two offenses are not the same if each contains an element not contained in the other,[14] or, conversely, two offenses are the same if the elements of either are all included in the other.[15]
The offenses in issue here are summary contempt and attempted first degree escape. Summary contempt requires proof of disobedient, disorderly, or contemptuous conduct committed in the presence of the court.[16] Attempted first degree escape does not.[17] Conversely, attempted first degree escape requires proof of an attempt to escape while detained on a felony conviction. Summary contempt does not. Accordingly, each contains an element not contained in the other; the same-elements test is not met; and Cox was not put in jeopardy twice for "the same" offense.
Dictum in United States v. Dixon confirms this reasoning. Expressly recognizing that an old North Carolina case called State v. Yancy[18] had "involved what is today called summary contempt,"[19] the Dixon Court stated:
The same-elements test, sometimes referred to as the `Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution. In a case such as Yancy, for example, in which the contempt prosecution was for disruption of judicial business, the same-elements test would not bar subsequent prosecution for the criminal assault that was part of the disruption, because the contempt offense did not require the element of criminal conduct, and the criminal offense did not require the element of disrupting judicial business.[[20]]
Moreover, at least one commentator agrees. He states: "Contempt of court rarely, if ever, will constitute the `same offence' for purposes of double jeopardy analysis as a substantive criminal offense based upon the same act."[21] Assuming but not holding that summary contempt is an "offense" in the *1244 first instance, we conclude that Cox was not put twice in jeopardy for "the same" offense.
Affirmed.[22]
We concur: SEINFELD and HOUGHTON, JJ.
NOTES
[1] Finding of Fact 6.
[2] Clerk's Papers (CP) at 7.
[3] The judge hearing this motion was not the one who had imposed the order of summary contempt. Accordingly, he could not make the findings needed to support that order. See RCW 7.21.050.
[4] State v. Cox, No. 24025-4-II, 2000 WL 1009042 (July 21, 2000).
[5] Finding of Fact 12.
[6] Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).
[7] Menna, 423 U.S. at 62, 96 S.Ct. 241.
[8] Menna, 423 U.S. at 62, 96 S.Ct. 241.
[9] State v. Gocken, 127 Wash.2d 95, 109, 896 P.2d 1267 (1995); see also State v. Bobic, 140 Wash.2d 250, 260, 996 P.2d 610 (2000); State v. Adel, 136 Wash.2d 629, 632, 965 P.2d 1072 (1998).
[10] 81 Wash.App. 640, 645, 915 P.2d 1121 (1996).
[11] State v. Corrado, 81 Wash.App. at 645-46, 915 P.2d 1121 (footnotes omitted).
[12] On the federal level, compare Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), with Grady v. Corbin, 495 U.S. 508, 521, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); Grady v. Corbin with United States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); and United States v. Dixon with Blockburger v. United States. On the state level, compare State v. Roybal, 82 Wash.2d 577, 581-82, 512 P.2d 718 (1973) with State v. LaViollette, 118 Wash.2d 670, 676, 826 P.2d 684 (1992); State v. LaViollette with State v. Gocken, 127 Wash.2d at 100-02, 109, 896 P.2d 1267; and State v. Gocken with State v. Roybal. See also State v. Calle, 125 Wash.2d 769, 777, 888 P.2d 155 (1995).
[13] Dixon, 509 U.S. at 696, 113 S.Ct. 2849; Calle, 125 Wash.2d at 777-78, 888 P.2d 155; Corrado, 81 Wash.App. at 648, 915 P.2d 1121.
[14] Corrado, 81 Wash.App. at 648-49, 915 P.2d 1121; see also Dixon, 509 U.S. at 696, 113 S.Ct. 2849; Blockburger, 284 U.S. at 304, 52 S.Ct. 180; Gocken, 127 Wash.2d at 100-101, 896 P.2d 1267; Calle, 125 Wash.2d at 777-78, 888 P.2d 155; Petition of Fletcher, 113 Wash.2d 42, 49, 776 P.2d 114 (1989); State v. Vladovic, 99 Wash.2d 413, 423, 662 P.2d 853 (1983).
[15] Roybal, 82 Wash.2d at 581-82, 512 P.2d 718.
[16] RCW 7.21.050; RCW 7.21.010(1)(a); State v. Hobble, 126 Wash.2d 283, 293, 892 P.2d 85 (1995); State v. Winthrop, 148 Wash. 526, 529-30, 269 P. 793 (1928); State v. Buddress, 63 Wash. 26, 28-29, 114 P. 879 (1911).
[17] Former RCW 9A.76.110 (1982) provides," A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." Former RCW 9A.28.020 (1994), defining attempt, adds nothing significant for present purposes.
[18] 4 N.C. 133 (1814). The contemnor/defendant in Yancy had committed an assault in the presence of the court. He was summarily found in contempt, then later convicted of the crime of assault.
[19] Dixon, 509 U.S. at 697 n. 1, 113 S.Ct. 2849.
[20] Dixon, 509 U.S. at 696-97, 113 S.Ct. 2849.
[21] David S. Rudstein, Double Jeopardy and Summary Contempt Prosecutions, 69 NOTRE DAME L.REV. 691, 732 (1994).
[22] Although we do not overlook Cox's arguments concerning equal protection and due process, we believe they are recasts of his double jeopardy argument and add nothing thereto. See Brief of Appellant at 13 (concluding the equal protection portion of his brief, Cox states that "the only way a person can be protected under these circumstances is to find that double jeopardy has attached"); Brief at 27 (concluding the due process portion of his brief, Cox states "the only appropriate remedy to protect the due process interests of the defendant is to conclude that double jeopardy has attached"). We previously ruled on Cox's pro se brief. See State v. Cox, No. 24025-4-II, 2000 WL 1009042, unpublished opinion dated July 21, 2000, page 2, note 4.