908

[No. 45173-5-II.   Division Two.   May 27, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. BARON DELL ASHLEY, JR., *Appellant*.

*Nancy P. Collins, David L. Donnan*, and *Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Rachael R. Probstfeld, Deputy*, for respondent.

¶1 JOHANSON, C.J. — Baron Dell Ashley Jr. appeals his jury trial conviction for unlawful imprisonment (domestic violence),[1] his offender score calculation, and the imposition of legal financial obligations (LFOs). He argues that the trial court erred when it included a prior attempted second degree assault juvenile adjudication as one point in his offender score because it did not qualify as a violent offense under RCW 9.94A.030(54). In the published portion of this opinion, we hold that the trial court did not err in counting the prior attempted second degree assault juvenile adjudication as one point and adopt the reasoning set forth in Division One of this court's opinion *State v. Becker*, 59 Wn. App. 848, 801 P.2d 1015 (1990). Ashley further argues that the trial court erred in (1) admitting evidence of prior acts of domestic violence under ER 404(b) and (2) imposing LFOs. In the unpublished portion of this opinion, we hold that the trial court did not abuse its discretion in admitting the prior bad acts evidence and that the trial court erred in imposing LFOs without inquiring about Ashley's future ability to pay. Accordingly, we affirm Ashley's conviction and the calculation of his offender score, but we reverse the LFOs and remand for a new LFO hearing.

## FACTS

¶2 A jury found Ashley guilty of unlawful imprisonment (domestic violence).[2] The trial court calculated Ashley's sentence with a seven-point offender score, which included one point for Ashley's 1999 attempted second degree assault juvenile adjudication. Ashley challenges his offender score calculation.

## ANALYSIS

¶3 Ashley argues that the trial court erred in scoring his 1999 attempted second degree assault juvenile adjudication

---

[1] RCW 9A.40.040(1); RCW 10.99.020(5).

[2] We describe the background facts and procedure in more detail in the unpublished portion of this opinion.

as one point in his offender score. He contends that because this was an attempt offense, it did not qualify as a violent offense under RCW 9.94A.030(54) and it should have counted only as one-half a point. We disagree.

■ ¶4 RCW 9.94A.525 establishes how to calculate a defendant's offender score. RCW 9.94A.525(7) provides, "If the present conviction is for a nonviolent offense and not covered by subsection (11), (12), or (13) of this section, count one point for each adult prior felony conviction and *one point for each juvenile prior violent felony conviction* and 1/2 point for each juvenile prior nonviolent felony conviction." (Emphasis added.) RCW 9.94A.030(54) defines a "violent offense" as including, among other offenses, "[a]ny felony defined under any law as a class A felony or an attempt to commit a class A felony" and second degree assault. RCW 9.94A.030(54)(a)(i), (viii). It does not include attempted second degree assault in this definition. Ashley argues that because attempted second degree assault does not fall under RCW 9.94A.030(54)'s "violent offense" definition, the trial court erred when it assigned one point to his offender score for that offense rather than one-half a point.

¶5 But RCW 9.94A.525(4) requires the sentencing court to "[s]core prior convictions for felony anticipatory offenses (attempts, criminal solicitations, and criminal conspiracies) the same as if they were convictions for completed offenses." Thus, under RCW 9.94A.525(4), Ashley's prior attempted second degree assault would be treated as a completed second degree assault for purposes of calculating his offender score. Because second degree assault is a violent offense under RCW 9.94A.030(54)(a)(viii), RCW 9.94A-.525(4) provides that the resulting offender score for that offense would be one point. As a result, it could be argued that RCW 9.94A.030(54) and RCW 9.94A.525(4) conflict.

¶6 Division One of this court addressed a substantially similar issue in *Becker*, 59 Wn. App. 848. In *Becker*, the sentencing court counted a prior attempted second degree robbery conviction as two points under subsection (9) of the

former offender score statute, RCW 9.94A.360 (1990), which is now codified as RCW 9.94A.525(8). 59 Wn. App. at 851. Similar to RCW 9.94A.525(7), the provision at issue here, former RCW 9.94A.360(9) provided for a higher offender score for prior violent felony convictions:

> If the present conviction is for a violent offense and not covered in subsection (10), (11), (12), or (13) of this section, *count two points for each prior adult and juvenile violent felony conviction*, one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction.

(Emphasis added.)

¶7 On appeal, Becker argued that his prior attempted robbery conviction did not count as two points in his offender score because it was not defined as a "violent offense" under the general definitional statute, former RCW 9.94A.030(29) (1988) (now RCW 9.94A.030(54)). *Becker*, 59 Wn. App. at 850-51. Noting an "apparent" conflict between the former definitional statute and the former offender score statute, Division One held that the plain language of the statutes did not conflict and, instead, could be harmonized:

> The apparent conflict in the sections is based on the assumption that the attempted robbery can only receive two points if it is a "violent offense". Contrary to Becker's contention, the offense does not receive two points because it is a violent offense, but rather, *it receives two points because the completed crime of robbery in the second degree would receive two points and the attempted robbery is to be treated as a completed crime.* According to the plain language of [former] RCW 9.94A.360(5) the attempt must be treated the same as the completed crime. Such a reading of the two sections gives effect to each section and does not distort the language of the sections.

*Becker*, 59 Wn. App. at 852 (emphasis added). Division One subsequently followed *Becker* in *State v. Howell*, 102 Wn. App. 288, 292-95, 6 P.3d 1201 (2000), and Division Three followed *Becker* in *State v. Knight*, 134 Wn. App. 103, 138 P.3d

1114 (2006), *aff'd*, 162 Wn.2d 806, 174 P.3d 1167 (2008). The same reasoning applies here.

¶8 Ashley argues that *Becker* and *Knight* were wrongly decided because they "did not adequately take into account the fact that, where the definitional section of the [Sentencing Reform Act of 1981], [RCW 9.94A].030, provides that certain offenses are violent offenses, non-listed offenses are definitionally not violent offenses." Reply Br. of Appellant at 5. He contends that definitional statutes are "integral to the statutory scheme and must be given effect." Reply Br. of Appellant at 5. We disagree that *Becker* and *Knight* did not give effect to the definitional statute; they did so by harmonizing the definitional statute with the offender score statute.

¶9 Ashley also argues that any ambiguity must be resolved in his favor under the rule of lenity. But because the approach in *Becker* harmonizes the plain language of the statutes, there is no ambiguity and the rule of lenity does not apply. We also note that the legislature's failure to amend the statutes in the 24 years since *Becker* was issued reflects its acquiescence to the court's conclusions in that case. *See State v. Berlin*, 133 Wn.2d 541, 558, 947 P.2d 700 (1997) ("The failure of the Legislature to amend a statute to change the statute's judicial construction is reflective of legislative acquiescence in the Court's interpretation.").

¶10 For the reasons stated in *Becker*, and by harmonizing the definitional and offender score statutes, we conclude that the trial court did not err in treating the attempted second degree assault the same as the completed crime and including this prior offense as one point in Ashley's offender score.

¶11 We affirm Ashley's conviction and his offender score calculation.

¶12 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA and SUTTON, JJ., concur.

Review granted at 184 Wn.2d 1017 (2015).