174 P.3d 1167 (2008)
STATE of Washington, Petitioner,
v.
Alyssa C. KNIGHT, Respondent.
No. 79236-4.
Supreme Court of Washington, En Banc.
Argued October 25, 2007.
Decided January 17, 2008.
*1169 Andrew J. Metts III, Spokane County Pros. Offc. Spokane, WA, for Petitioner.
Eric J. Nielsen, Eric Broman, Nielsen Broman & Koch PLLC, Seattle, WA, for Respondent.
SANDERS, J.
¶ 1 Pursuant to a plea agreement with the State, Alyssa Knight pleaded guilty to a series of charges, and the trial court entered convictions based on her guilty pleas. Knight appealed arguing double jeopardy. The Court of Appeals determined two of the convictions violated double jeopardy, vacated the offending conviction, and remanded the case for resentencing on the remaining convictions. The State petitioned for review arguing the Court of Appeals was unable to vacate a single conviction stemming from an indivisible plea agreement. We hold vacating a conviction is the proper remedy when the conviction violates double jeopardy, even when entered pursuant to an indivisible plea agreement.

FACTS
¶ 2 On September 23, 2003 Knight and her co-conspirators began planning to rob Arren Cole. These discussions led to a plan to commit an invasion style burglary of Cole in his motel room in the early morning of September 25. When Knight reported Cole was not alone in the room, the conspirators decided a burglary would be improvident.
¶ 3 That evening Knight and her co-conspirators met again to plan a robbery of Cole. Knight accompanied Cole back to his motel room, where Knight ensured Cole was unarmed. Thereafter, she lured Cole into an alleyway where a co-conspirator robbed and shot Cole. Cole was transported to the hospital but was dead on arrival. The State charged Knight with a total of five crimes: conspiracy to commit second degree robbery, conspiracy to commit first degree burglary, conspiracy to commit first degree robbery, attempted first degree robbery, and murder in the first degree.
¶ 4 Knight negotiated a plea. Knight agreed to testify truthfully against her co-conspirators, forfeit her car, and plead guilty to three crimes: conspiracy to commit second degree robbery, conspiracy to commit first degree burglary, and murder in the second degree. The trial court accepted her guilty pleas, reduced them to judgment, and sentenced her to 285 months.
¶ 5 Knight appealed claiming the conspiracy to commit second degree robbery and conspiracy to commit first degree burglary convictions violated double jeopardy as multiple convictions for a single "`unit of prosecution.'" Supplemental Br. of Appellant at 4 (Wash.Ct.App., No. 23698-6-III) (quoting State v. Bobic, 140 Wash.2d 250, 265-66, 996 P.2d 610 (2000)). The Court of Appeals agreed and reversed her conviction for conspiracy to commit first degree burglary. State v. Knight, 134 Wash.App. 103, 110, 138 P.3d 1114 (2006).[1] The Court of Appeals then remanded the case for resentencing based on the reversal of the single conviction. Id.
¶ 6 The State petitioned for review here arguing there was no double jeopardy violation. It also argued reversing a single conviction in a plea agreement was improper without rejecting the entire plea agreement. We granted review only to determine if a single conviction can be vacated for a double jeopardy violation without rejecting an indivisible plea agreement.

STANDARD OF REVIEW
¶ 7 The proper interpretation and application of the double jeopardy clause is a question of law which we review de novo. *1170 State v. Womac, 160 Wash.2d 643, 649, 160 P.3d 40 (2007).

ANALYSIS
¶ 8 "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "No person shall . . . be twice put in jeopardy for the same offense." CONST. art. I, § 9. The double jeopardy clause of the Washington Constitution "is given the same interpretation the [United States] Supreme Court gives to the Fifth Amendment." State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995). The double jeopardy clauses provide three different protections for defendants, "one of which protects against multiple punishments for the same offense." State v. Bobic, 140 Wash.2d 250, 260, 996 P.2d 610 (2000). Vacating convictions which violate double jeopardy is the appropriate remedy for double jeopardy violations. See Womac, 160 Wash.2d at 658-60, 160 P.3d 40.
¶ 9 Here, the Court of Appeals found the two conspiracy convictions punished a single conspiracy twice. Knight, 134 Wash.App. at 110, 138 P.3d 1114. As a remedy for the violation, the Court of Appeals reversed Knight's conviction for conspiracy to commit first degree burglary. The single question facing the court is whether a conviction entered subsequent to a plea agreement can be vacated when that conviction violates double jeopardy. We hold those convictions can be vacated by the court.
I. The Guilty Plea
¶ 10 A guilty plea generally insulates the defendant's conviction from collateral attack. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Since the guilty plea bypasses trial, it also waives "constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." Florida v. Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." Menna v. New York, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam) (emphasis in original). Thus constitutional protections surrounding the determination of factual guilt are generally irrelevant because a guilty plea ensures the defendant is in fact guilty of the crime charged. Id.
¶ 11 However, claims which go to "the very power of the State to bring the defendant into court to answer the charge brought against him" are not waived by guilty pleas. Blackledge v. Perry, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The double jeopardy clause precludes the State from "haling a defendant into court on a charge" and is not waived by a guilty plea. Menna, 423 U.S. at 62, 96 S.Ct. 241. After a guilty plea the double jeopardy violation must be clear from the record presented on appeal, or else be waived. See United States v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (a guilty plea prevents a defendant from expanding the record to prove two convictions actually stem from a single conspiracy). But where a double jeopardy violation is clear from the record, a conviction violates double jeopardy even where the conviction is entered pursuant to a guilty plea.
¶ 12 Here, Knight's guilty plea did not waive the double jeopardy violation, and the conviction for conspiracy to commit burglary in the first degree was appropriately vacated. The Court of Appeals held Knight's two conspiracy convictions violated double jeopardy. Although a guilty plea can waive double jeopardy protections where the violation is not apparent from the appellate record, the Court of Appeals found a double jeopardy violation here, and the court must provide a remedy. The proper remedy for double jeopardy violations, including the one here, is vacating the offending convictions. As such, the Court of Appeals properly vacated Knight's conviction for conspiracy to commit first degree burglary.
II. The Plea Agreement
¶ 13 The State argues Knight's plea agreement was indivisible, and therefore a *1171 single plea entered pursuant to that plea agreement cannot be withdrawn. The State's argument fails to recognize the fundamental differences between the plea agreement (i.e., a contract to plead guilty) and the guilty plea itself. Correctly understood, the plea agreement has no bearing on the ability of the court to vacate a conviction entered pursuant to the guilty plea itself, because the plea itself need not be disturbed.
¶ 14 "A plea agreement is essentially a contract made between a defendant and the State." State v. Turley, 149 Wash.2d 395, 400, 69 P.3d 338 (2003). In this agreement parties generally exchange promises, although there is no requirement they do so. The defendant generally promises to plead guilty to a charge or series of charges in exchange for a promise by the State to refrain from further prosecution. A plea agreement is indivisible, and its terms must be enforced as a whole where "a defendant pleads guilty to multiple counts or charges at the same time, in the same proceedings, and in the same document." Id. at 402, 69 P.3d 338. Notably, Turley did not attack the conviction entered pursuant to his plea, but instead sought to withdraw his guilty plea entirely. Id.
¶ 15 We assume, without deciding, Knight's plea agreement is indivisible under Turley; however, the State's argument fails because Knight does not seek to withdraw her guilty pleas. Knight's guilty plea need not be withdrawn because guilty pleas, like jury verdicts, do not violate double jeopardy. Womac, 160 Wash.2d at 658, 160 P.3d 40. It is the entry of "multiple convictions for the same offense" which offends double jeopardy. Id. Since Knight does not seek to withdraw her plea nor does the double jeopardy clause require withdrawal of the plea, Turley is inapposite here.
¶ 16 Knight fulfilled the terms of the plea agreement even as she attacked her subsequent convictions. The terms of the agreement did not require Knight to waive double jeopardy protections, and her pleas entered pursuant to the plea agreement do not waive double jeopardy protections. Since the plea agreement has been fully satisfied here, the indivisibility of the plea agreement has no bearing on our analysis.

CONCLUSION
¶ 17 Here, the Court of Appeals found Knight's convictions punished her twice for a single conspiracy thereby violating double jeopardy. Although Knight's guilty plea waives some constitutional protections surrounding factual guilt, it did not waive her constitutional protection against double jeopardy. The fact Knight pleaded guilty in conformity with a plea agreement does not diminish this protection. Vacating the conviction which violates double jeopardy is the proper remedy. Accordingly, the Court of Appeals decision to vacate Knight's conviction for conspiracy to commit first degree burglary is affirmed.
WE CONCUR: GERRY L. ALEXANDER, C.J., TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, JAMES M. JOHNSON, JJ. AND BOBBE J. BRIDGE, J. Pro Tem.
NOTES
[1] The Court of Appeals had previously used this analysis to reverse a conviction for one of Knight's co-conspirators. See State v. Williams, 131 Wash.App. 488, 128 P.3d 98 (2006).