[No. 60642-5-I.   Division One.   April 13, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEWIS MARTIN, JR., *Appellant*.

690

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Patrick H. Hinds, Deputy*, for respondent.

¶1 ELLINGTON, J. — An indivisible plea of guilty does not prevent a double jeopardy challenge based on the same offense theory where the violation is clear from the record and was not otherwise waived.[1] Robert Martin was convicted of both attempted rape in the third degree and second degree assault. These convictions constituted the same offense. We remand for vacation of the attempted rape conviction. We otherwise affirm.

## BACKGROUND

¶2 Martin, D.S., and A.A. all rented rooms in the same boarding house. On September 11, 2006, D.S. and Martin had an argument. D.S. went into her room to use the

---

[1] In reaching this conclusion, we must respectfully disagree with the recent decision of Division Two of this court in *State v. Amos*, 147 Wn. App. 217, 195 P.3d 564 (2008).

telephone. Martin broke into the room yelling, took the phone from her, and hung it up. D.S. was able to get to the phone and called 911. Martin again took the phone from her and threw it. He then pinned D.S.'s arms above her head, untied her pants, and tried to pull them down.

¶3 Hearing D.S. screaming, Martin's brother entered the room and pulled Martin away from D.S. Martin told his brother, "Let's do her. Let's do her now and get it over with."[2] Martin asked D.S., "Do you want this to be your last day on the planet?"[3]

¶4 Martin eventually left the residence. D.S. called A.A. and asked her to come home. After A.A. arrived, Martin returned. A.A. confronted Martin and told him to leave. Martin told A.A., "[C]all the cops again, bitch, and you'll die."[4] As Martin left, he told his brother, "Man, they'll be fucking dead."[5]

¶5 Martin was charged with one count of attempted second degree rape, one count of attempted indecent liberties, and two counts of felony harassment. Pursuant to negotiations, the State agreed to amend the charges to one count of second degree assault and two counts of felony harassment, for which the State would recommend concurrent sentences, and one misdemeanor count, attempted rape in the third degree, which the State would recommend be suspended subject to, among other conditions, a sexual deviancy evaluation, compliance with all recommended treatment, and registration as a sex offender. Martin entered a plea to the amended charges, and the court imposed sentence consistent with the State's recommendation.

¶6 Martin appeals. He argues that his convictions for second degree assault and attempted third degree rape violate prohibitions against double jeopardy because they

---

[2] Clerk's Papers at 3.

[3] *Id.*

[4] *Id.*

[5] *Id.*

are the same offense, and that the sentence for attempted third degree rape must be vacated.

## DISCUSSION

¶7 The proper interpretation and application of the double jeopardy clause is a question of law. Review is de novo.[6]

¶8 In a single proceeding, the State may bring multiple charges arising from the same criminal conduct.[7] However, state and federal constitutional protections against double jeopardy prohibit multiple punishments for the same offense.[8] Where a defendant's act supports charges under two criminal statutes, the crimes constitute the same offense if, as Martin contends here, they are the same in both fact and law.[9]

### *Indivisible Plea*

¶9 The first question is whether Martin's double jeopardy challenge survives his plea. A guilty plea waives even constitutional violations occurring before the plea, unless the violation involves the government's power to prosecute.[10] The State contends Martin's double jeopardy argument is an improper attempt to challenge only a portion of an indivisible plea agreement.

¶10 The State's argument principally derives from *State v. Turley*[11] and *In re Personal Restraint of Shale*.[12] *Turley* defines a plea agreement as indivisible where a defendant pleads guilty to multiple counts or charges at the

---

[6] *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

[7] *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005).

[8] *State v. Vladovic*, 99 Wn.2d 413, 422, 662 P.2d 853 (1983) (quoting *Albernaz v. United States*, 450 U.S. 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981)); Wash. Const. art. I, § 9 ("No person shall be . . . twice put in jeopardy for the same offense."); U.S. Const. amend. V (same).

[9] *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995).

[10] *Menna v. New York*, 423 U.S. 61, 63 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975).

[11] 149 Wn.2d 395, 69 P.3d 338 (2003).

[12] 160 Wn.2d 489, 158 P.3d 588 (2007).

same time, in the same proceeding, and in the same document.[13] Martin concedes his plea agreement was indivisible. Such an agreement must be enforced as a whole.[14] The defendant may seek to withdraw the entire plea but may not challenge only a part of the agreement.[15] In effect, the State argues that an indivisible plea agreement waives double jeopardy challenges unless all the resulting convictions violate double jeopardy.

¶11 In *Shale*, which was decided in May 2007, eight justices considered a collateral attack on double jeopardy grounds to certain convictions entered pursuant to an indivisible plea agreement. In the lead opinion, four justices relied upon *Turley* and held that a double jeopardy challenge to only part of the indivisible bargain would not lie.[16]

¶12 Martin responds that the indivisibility of the plea is no obstacle after *State v. Knight*,[17] which was decided nine months after *Shale*.

¶13 In *Knight*, the defendant negotiated a plea to an amended information charging conspiracy to commit second degree robbery, conspiracy to commit first degree burglary, and murder in the second degree. The agreement required Knight to testify truthfully against her coconspirators and forfeit her car. As here, nothing in the agreement addressed waiver of double jeopardy claims. The trial court accepted the pleas and imposed sentence.

¶14 Knight appealed, claiming the two conspiracy counts constituted multiple convictions for a single "unit of

---

[13] *Turley*, 149 Wn.2d at 400.

[14] *Id.*

[15] *State v. Bisson*, 156 Wn.2d 507, 519-20, 130 P.3d 820 (2006).

[16] *Shale*, 160 Wn.2d at 494. The four concurring justices took the view that because Shale did not move to withdraw his pleas, the indivisibility of the plea agreement was not determinative. Rather, the concurring justices held that any collateral attack upon facially valid convictions had been waived by Shale when he negotiated an agreement that preserved his eligibility for a certain sentence, thereby generating the claimed double jeopardy violations. *Id.* at 502 (Madsen, J., concurring). The State does not contend Martin waived his challenge by his conduct in the plea negotiations.

[17] 162 Wn.2d 806, 174 P.3d 1167 (2008).

prosecution." The Court of Appeals agreed and vacated the conviction for conspiracy to commit first degree burglary.

¶15 The Supreme Court granted review "to determine if a single conviction can be vacated for a double jeopardy violation without rejecting an indivisible plea agreement."[18] The court noted that it is the conviction, not the plea, that violates double jeopardy.[19] Because Knight had kept her bargain,[20] the court held that "the indivisibility of the plea agreement has no bearing on our analysis."[21]

¶16 *Shale*'s lead opinion had treated the double jeopardy claim as an impermissible challenge to part of an indivisible plea agreement. Without mentioning *Shale*, *Knight* rejects that premise out of hand. *Shale*'s two opinions, each signed by four justices, announced no clear rule, whereas *Knight* was decided by a unanimous court. The lead opinion in *Shale* has been overruled sub silentio.[22]

¶17 In *State v. Amos*,[23] Division Two of this court recently held that *Knight* applies only when the double jeopardy challenge rests on the unit of prosecution theory, not the same offense theory. The court focused upon *Knight*'s references to the government's power to prosecute: "[C]laims which go to 'the very power of the State to bring the defendant into court to answer the charge brought against him' are not waived by guilty pleas."[24] Because the State may bring, and the jury may consider, multiple charges based on the same offense without violating any of

---

[18] *Id.* at 810.

[19] *Id.* at 813.

[20] *Id.* ("Knight fulfilled the terms of the plea agreement even as she attacked her subsequent convictions.").

[21] *Id.* The court does not say why fulfillment of the plea agreement affects the relevance of indivisibility or when an unfulfilled agreement might present itself for review.

[22] *See Puget Mill Co. v. Kerry*, 183 Wash. 542, 559, 49 P.2d 57 (1935) (insofar as inconsistency exists between two opinions of the same court, the later one is held to have overruled the earlier one).

[23] 147 Wn. App. 217, 195 P.3d 564 (2008).

[24] *Id.* at 226 (alteration in original) (quoting *Knight*, 162 Wn.2d at 811).

the defendant's rights, but may file only one charge for each unit of prosecution, the *Amos* court reasoned that double jeopardy challenges are waived by a plea unless they derive from violation of the unit of prosecution.[25]

¶18 We are unable to agree. The State may bring multiple charges arising from the same criminal conduct,[26] but courts may not enter multiple convictions for the same offense without offending double jeopardy.[27] Our review of the opinion in *Knight* disinclines us to the view that the court intended its holding to apply only to unit of prosecution claims. The court stated the issue broadly: "The single question facing the court is whether a conviction entered subsequent to a plea agreement can be vacated when that conviction violates double jeopardy."[28] Nothing in the court's analysis was premised upon what double jeopardy theory was invoked. And under the general rule that a plea waives appeal even of constitutional violations occurring *before* the plea (unless related to the plea itself or to the power of the government to prosecute),[29] a double jeopardy violation occurring only upon conviction, as is claimed here, is not waived.

¶19 Further, the *Knight* court's references to the power of government to prosecute are ringing echoes from celebrated cases—cases which did not explore whether there is a difference, for double jeopardy purposes, between the power to charge and the right to obtain a conviction.[30] One

---

[25] *Id.* at 226-27.

[26] *Freeman*, 153 Wn.2d at 770.

[27] *Id.*; *see also In re Pers. Restraint of Butler*, 24 Wn. App. 175, 178, 599 P.2d 1311 (1979) (double jeopardy not waived by plea to first degree assault and first degree robbery arising out of the same facts).

[28] *Knight*, 162 Wn.2d at 811.

[29] *See Menna*, 423 U.S. at 63 n.2.

[30] *Knight*, 162 Wn.2d at 811; *see, e.g., Menna*, 423 U.S. at 62 (second indictment for the same crime); *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974) (second indictment for additional charges arising out of the same facts) (distinction of double jeopardy protection is that it prevents a trial); *United States v. Broce*, 488 U.S. 563, 576-77, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)

of those cases frames the double jeopardy issue in terms not of the State's power to prosecute but the court's power to enter the conviction or impose a sentence.[31] We thus do not believe these rhetorical borrowings were meant to limit the court's holding.[32]

¶20 Like Knight, Martin does not seek to withdraw his plea on the relevant count, and whether the plea is indivisible under *Turley* is therefore not pertinent.[33]

¶21 The State seeks to distinguish *Knight* on its facts, focusing on the discussion of fulfillment of the plea bargain. Martin's plea agreement allowed the State to recommend sex offender registration and treatment conditions arguably not available absent conviction for a sex offense.[34] The State contends Martin's double jeopardy challenge to the sex offense therefore leaves his obligations under the plea agreement unfulfilled.

¶22 But the court held that Knight met her obligations when she entered her plea.[35] Her promises to engage in certain affirmative conduct thereafter (testify against co-conspirators and forfeit her car) were not discussed. The

---

(*Menna* and *Blackledge* not applicable because defendants' same unit of prosecution double jeopardy claim could not be resolved without expanding the record). We have found no cases supplying a rationale for distinguishing among theories of double jeopardy violations.

[31] *Broce*, 488 U.S. at 569 ("If the [plea was both counseled and voluntary], then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.").

[32] The *Amos* court suggests that permitting the challenge would reward defendants for negotiating a constitutionally faulty plea. *See Amos*, 147 Wn. App. at 227. While we share these concerns, we observe that the charging decision is vested in the prosecutor, the plea requires agreement of the prosecutor, and the plea agreement can provide for waiver of any double jeopardy violations. *See Freeman*, 153 Wn.2d at 779. Such circumstances might, however, support a waiver analysis like that made by the concurring justices in *Shale*. As indicated above, no such argument is made here.

[33] *See Knight*, 162 Wn.2d at 813.

[34] At oral argument, defense counsel stated that except for the registration requirement, all the conditions would be permissible as terms of sentence on remand.

[35] *Id.* at 813.

court focused not on the plea, but on the conviction: "Correctly understood, the plea agreement has no bearing on the ability of the court to vacate a conviction entered pursuant to the guilty plea itself, because the plea itself need not be disturbed."[36]

¶23 We are therefore unable to see how Martin's plea agreement leaves him with unfulfilled obligations preventing a double jeopardy challenge. He entered his plea. Under *Knight*, no more is required.

¶24 We conclude that *Knight* controls our analysis, and Martin may bring his double jeopardy challenge.

### Same Offense

¶25 We now return to Martin's argument that second degree assault and attempted third degree rape constitute the same offense.

■ ¶26 The Washington Supreme Court set forth a three part test for determining whether the legislature intended multiple punishments arising from the same criminal conduct. Courts first consider express or implicit legislative intent based on the criminal statutes involved.[37] Where, as here, the relevant statutes do not expressly disclose the legislative intent,[38] courts ask if the crimes are the same in

---

[36] *Id.* at 812.

[37] *State v. Kier*, 164 Wn.2d 798, 803-04, 194 P.3d 212 (2008).

[38] None of the relevant statutes addresses whether multiple convictions for a single act of assault with intent to rape have been authorized. This is in contrast to statutes such as RCW 9A.52.050, which expressly authorizes cumulative punishment for crimes committed during the commission of a burglary. The State argues that the statutory organization and different purposes behind each statute suggest a legislative intent to separately punish second degree assault and attempted third degree rape. This is too weak an indicator of legislative intent for double jeopardy purposes. *See State v. Johnson*, 92 Wn.2d 671, 680, 600 P.2d 1249 (1979) (kidnapping and assault merge with first degree rape where they were part of the perpetration of the rape and did not have an independent purpose or effect), *overruled in part on other grounds by State v. Sweet*, 138 Wn.2d 466, 980 P.2d 1223 (1999).

law and in fact (also known as the *Blockburger* test).[39] Offenses are the same in fact when they arise from the same act or transaction.[40] They are the same in law when proof of one offense would also prove the other.[41] If applicable, the merger doctrine may help determine legislative intent, where the degree of one offense is elevated by conduct constituting a separate offense.[42]

¶27 As charged, second degree assault requires proof of intentional assault and the intent to commit a felony (in this case, rape).[43] Also as charged, attempted third degree rape requires proof that (1) with intent to commit the crime of rape, (2) the defendant took a substantial step toward (3) having sexual intercourse (4) with a person to whom he was not married (5) where the person did not consent to the intercourse and (6) the lack of consent was clearly expressed by words or conduct.[44]

¶28 The State compares the elements of each crime and argues the two offenses are not the same in law. But where one crime is an anticipatory offense and another crime is both charged separately and used as the basis for the attempt charge, an abstract comparison of elements is not enough. As the court observed in *In re Personal Restraint of Orange*:

> The *Valentine* court's reluctance to look at the facts used to prove the statutory elements exposes a misconception about the *Blockburger* test. That the test has been alternatively called the "same elements" and the "same evidence" test underscores that the *Blockburger* test requires the court to

---

[39] *Kier*, 164 Wn.2d at 804 (citing *State v. Calle*, 125 Wn.2d 769, 777-78, 888 P.2d 155 (1995); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

[40] *Calle*, 125 Wn.2d at 777-78.

[41] *Id.* at 777.

[42] *Kier*, 164 Wn.2d at 804.

[43] RCW 9A.36.021(1)(e); 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.11, at 467 (3d ed. 2008) (WPIC).

[44] RCW 9A.44.060(1)(a), .010(7); RCW 9A.28.020(1); 11 WPIC 42.02, at 766; 11A WPIC 100.02, at 386.

determine "whether each provision *requires proof of a fact which the other does not*." Unless the abstract term "substantial step" is given a factual definition, there is simply no way to assess whether attempted murder requires proof of a *fact* not required in proving the assault. The *Valentine* court's belief that the "substantial step" element had to remain a generic term for purposes of the "same elements" test ignores the reality that the term "substantial step" is a placeholder in the attempt statute, having no meaning with respect to any particular crime and acquiring meaning only from the facts of each case.[45]

¶29 In *Orange*, the two charges were based on the same shot directed at the same victim, and the evidence required to support the conviction for first degree attempted murder was sufficient to convict Orange of first degree assault.[46] Under the *Blockburger* test, the crimes of first degree attempted murder (by taking the substantial step of shooting at victim) and first degree assault (committed with a firearm) were the same in fact and in law.[47]

■ ¶30 Here, the crimes of second degree assault and attempted third degree rape (by taking the substantial step of assaulting D.S. with intent to rape her) are the same in fact and law.

¶31 The two charges were predicated on the same conduct: Martin's assault with intent to rape D.S.[48] The assault was the substantial step towards the rape; there was no independent purpose. The evidence required to support Martin's conviction for attempted third degree rape was the same evidence used to convict him of second degree assault. Under the *Blockburger* test, the two crimes were the same offense.

---

[45] 152 Wn.2d 795, 818, 100 P.3d 291 (2004) (citations omitted) (quoting *Blockburger*, 284 U.S. at 304; citing *State v. Valentine*, 108 Wn. App. 24, 29 P.3d 42 (2001)).

[46] *Id.* at 820.

[47] *Id.*

[48] The double jeopardy violation must be clear from the record presented on appeal or else be waived. *Knight*, 162 Wn.2d at 811. Here, Martin stipulated to the facts as described in the certification for determination of probable cause.

¶32 Martin's convictions for second degree assault and attempted third degree rape violate the constitutional prohibition against double jeopardy. The remedy is vacation of the lesser offense (here, attempted third degree rape).[49]

### Other Issues

¶33 Finally, Martin argues that the trial court abused its discretion by denying his motion to appoint substitute counsel. At his sentencing hearing, Martin was scheduled for sentencing both in this matter and in an unrelated case involving a gun charge. Martin's attorneys in this case informed the court that he desired to withdraw his plea. The court suggested it would proceed to sentencing on the gun charge and set this matter over. When the State interjected that misgivings did not constitute a basis for plea withdrawal, Martin's attorney stated:

> I guess my concern is that, if there is more to the reason for Mr. Martin's desire to withdraw his plea, it seems that part of his concerns may stem from the things that [prior counsel] and I did. And it seems more appropriate for a different attorney to explore with Mr. Martin the potential grounds that he may have for wanting to withdraw his plea. . . .
>
> But, again, if the court is going to entertain, I guess, receiving more information about this, it seems to me appropriate for him to receive new counsel on my cause number so that they can explore better, I suppose, or more thoroughly, the other grounds that he may have. I would also ask the Court to do sentencing on both of these matters at the same time, since that would allow for the presumption that they would be run concurrent.[50]

¶34 The court asked Martin to decide what he wanted to do. After conferring with Martin, his attorney

---

[49] *State v. Weber*, 159 Wn.2d 252, 265, 149 P.3d 646 (2006). Regardless of which offense forms part of the proof of the other and which offense carries the lesser seriousness level and intent requirement, the lesser crime for double jeopardy purposes is the conviction that carries the lesser punishment. *Id.* at 266-69. The parties agree that attempted third degree rape is the lesser offense here.

[50] Report of Proceedings (Aug. 31, 2007) at 5-6.

informed the court that Martin wanted to proceed with sentencing, which the court did. Martin never pursued withdrawal of his plea or a change of counsel. The record thus reflects that Martin abandoned his objections. Further, the court did not abuse its discretion in handling the situation.[51] We have refused to adopt a rule mandating the appointment of substitute counsel simply because a defendant wishes to assert ineffective assistance.[52] This is all Martin did here.

¶35 We remand for vacation of the conviction for attempted rape in the third degree and otherwise affirm.

DWYER, A.C.J., and Cox, J., concur.

---

[51] *State v. Stark*, 48 Wn. App. 245, 252, 738 P.2d 684 (1987) (trial court's determination of whether defendant's dissatisfaction with court appointed counsel warrants appointment of substitute counsel will not be overturned on appeal absent abuse of discretion).

