240 P.3d 795 (2010)
In the Matter of the Personal Restraint Petition of Wayne Allen NEWLUN, Petitioner.
No. 63810-6-I.
Court of Appeals of Washington, Division 1.
October 4, 2010.
*796 Maureen Cyr, Washington Appellate Project, Seattle, WA, for Appellants.
Mary Kathleen Webber, Snohomish County Prosecutor's Office, Everett, WA, Ann Summers, King County Prosecutor's Office, Seattle, WA, for Respondents.
APPELWICK, J.
¶ 1 Newlun pleaded guilty to a number of identity theft and forgery charges in King and Snohomish counties. Newlun contends in his personal restraint petition that his three convictions for identity theft violate double jeopardy.[1] Because Newlun cannot demonstrate a double jeopardy violation on the face of the record at the time of his pleas, we deny the petition.

FACTS
¶ 2 In November and December 2005, Newlun unlawfully possessed and used a means of identification or financial information of Guy Michael Randal. In January 2006, the State charged Newlun with, among other charges, identity theft in the first degree in violation of former RCW 9.35.020(1) and .020(2) (2004) under Snohomish County Superior Court cause no. 06-1-00241-0 (case I). In that case, the information charged Newlun with using "[i]dentification belonging to Guy Randal" on or about November 16, 2005.
¶ 3 The State filed a separate information under Snohomish County Superior Court cause no. 06-1-00648-2 (case II), in March 2006. The State charged Newlun with, *797 among other things, identity theft in the second degree. The information charged Newlun with using a "means of identification and financial information of a person, to-wit: Guy Randal" on or about December 14, 2005.
¶ 4 In June 2006, Newlun pleaded guilty in both Snohomish County cases.[2] In each statement of defendant on plea of guilty (plea form), Newlun agreed that the court could consider the affidavits of probable cause filed in each case.[3] The affidavit of probable cause for case I stated, "The defendant had presented Guy Randal's ID [identification] with his (the defendant's) picture and signed the rental agreement as Guy [Randal]" to rent a truck from Lowe's Home Improvement. The affidavit of probable cause for case II stated that Newlun presented a driver's license with the name Guy Randal along with a check to a clerk at a Safeway store.
¶ 5 On July 20, 2006 the Washington Supreme Court, for the first time, addressed the unit of prosecution for identity theft under former RCW 9.35.020 in State v. Leyda,[4] 157 Wash.2d 335, 337-38, 138 P.3d 610 (2006). The court held that once a defendant unlawfully obtains a victim's means of identification or financial information, the unit of prosecution includes all subsequent unlawful uses of the victim's means of identification or financial information. Id. at 345, 138 P.3d 610.
¶ 6 In August 2006, the State sentenced case I, case II, and a third case filed under a separate cause number resulting in a total term of confinement of 141 months.
¶ 7 In December 2006, the State, in King County, charged Newlun with identity theft in the second degree in violation of former RCW 9.35.020(1) and .020(3). The information charged Newlun with using the "name, date of birth, and driver's license number of... Guy Michael Randal" on December 19, 2005. In that case, Newlun had attempted to use the driver's license to cash two checks at the Northgate Money Tree. Newlun pleaded guilty in January 2007. The appendix to the plea agreement listed all of the Snohomish County convictions. King County imposed a sentence of 57 months concurrent with the Snohomish County cases.
¶ 8 Newlun appealed case I, challenging his exceptional sentence, and this court affirmed the convictions. State v. Newlun, 142 Wash.App. 730, 176 P.3d 529, review denied, 165 Wash.2d 1007, 198 P.3d 513 (2008). The mandate for the appeal was issued in February 2009. Newlun did not appeal the other related cases or the King County case.
¶ 9 Newlun then filed this PRP. This court dismissed the petition as to Newlun's claims that the plea was involuntary and that the prosecutor breached the plea agreement. But, this court referred the double jeopardy claim to this panel and appointed counsel.

DISCUSSION
¶ 10 Newlun contends in this PRP that, based on the Supreme Court's decision in Leyda, two of his convictions violate double jeopardy by punishing him twice for the same unit of prosecution.
¶ 11 The double jeopardy provisions of the United States and Washington State Constitutions preclude convicting a defendant more than once under the same criminal statute if only one "unit" of the crime has been committed. See U.S. CONST. amend. V; *798 CONST. Art. I, § 9; State v. Tvedt, 153 Wash.2d 705, 710, 107 P.3d 728 (2005). Claims of double jeopardy are questions of law, reviewed de novo. State v. Jackman, 156 Wash.2d 736, 746, 132 P.3d 136 (2006).

I. Standard of Review

¶ 12 A person filing a personal restraint petition is entitled to relief if he is under an unlawful restraint as defined in RAP 16.4. A restraint is "unlawful" where "[t]he conviction was obtained ... in violation of the Constitution of the United States or the Constitution ... of the State of Washington." RAP 16.4(c)(2). An appellate court will grant substantive review of a personal restraint petition only when the petitioner makes a threshold showing of constitutional error from which he has suffered actual prejudice or nonconstitutional error which constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice. In re Pers. Restraint of Cook, 114 Wash.2d 802, 811-12, 792 P.2d 506 (1990). In a personal restraint petition, the petitioner bears the burden of showing prejudicial error. State v. Brune, 45 Wash.App. 354, 363, 725 P.2d 454 (1986).

II. Motion to Strike

¶ 13 Snohomish County moved to strike appendix A and B from Newlun's reply to respondent's reply brief. The appendices contain documents ostensibly from the police investigation into the charges filed under case I. Appendix A contains a photocopy of a driver's license under the name of Guy Randal and an insurance identification card under the name of Wayne Lenik. Appendix B contains the statement of witness Jonathan Graham, an employee of Lowe's Home Improvement. Graham stated in the document that he provided the police with a copy of the "WA [Washington] State driver's license" and an insurance card provided by Newlun. These documents were not included in the package of documents presented to the judge at the time of Newlun's pleas.[5]
¶ 14 In United States v. Broce, 488 U.S. 563, 573-75, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court held that a defendant who has entered a plea of guilty to a criminal charge may not assert a double jeopardy claim in a collateral attack upon the sentence unless an exception applies. Under the exceptions, the claim is not waived if either the plea entered was not knowing and voluntary or the government had no right to bring the charges at all. Id. See also State v. Martin, 149 Wash.App. 689, 691, 205 P.3d 931 (2009) ("An indivisible plea of guilty does not prevent a double jeopardy challenge based on the same offense theory where the violation is clear from the record and was not otherwise waived."). To show that the government had no right to bring the charges on double jeopardy grounds, the judge must have been able to determine that the convictions violated double jeopardy by the record in front of that judge at the time of accepting the plea. Broce, 488 U.S. at 575, 109 S.Ct. 757. Washington has followed this rule, requiring that after a guilty plea, the double jeopardy violation must be clear from the record presented on appeal, or else be waived.[6]State v. Knight, 162 Wash.2d 806, 811, 174 P.3d 1167 (2008).
¶ 15 The parties agree that an appellate court is permitted to review a double jeopardy claim made on collateral attack only if the record is sufficient to establish the violations. But, the parties dispute whether the record included appendix A and appendix B.
¶ 16 The court may review documents expressly included in the plea form. See, e.g., State v. Codiga, 162 Wash.2d 912, 917, 175 P.3d 1082 (2008) (noting that the court could review the police reports and statement of probable cause for the factual basis for the plea since Codiga agreed to such in the plea form); In re Pers. Restraint of Shale, 160 Wash.2d 489, 496, 158 P.3d 588 (2007) (reviewing police reports incorporated by Shale *799 in his guilty plea to determine factual basis for charges) (plurality), overruled on other grounds by Knight, 162 Wash.2d 806, 174 P.3d 1167; State v. Knight, 134 Wash.App. 103, 110, 138 P.3d 1114 (2006) (considering police reports referenced in the plea form), aff'd, 162 Wash.2d at 806, 174 P.3d 1167.
¶ 17 In the plea form for case I, Newlun expressly incorporated the affidavit of probable cause. The affidavit of probable cause referenced other documents stating, "The following information is taken from police reports and witness statements provided by the Everett and Bothell Police Departments." This reference does not expressly incorporate appendices A and B into the record before the trial judge accepting the plea. Those documents were not properly part of the record before the trial court under Broce and we grant the motion to strike them from the record before us.

III. Double Jeopardy

¶ 18 After striking the disputed documents, we consider whether Newlun waived his double jeopardy claim. Where a double jeopardy violation is clear from the record before the trial court judge accepting the plea, the double jeopardy claim is not waived. Broce, 488 U.S. at 573-75, 109 S.Ct. 757; Menna v. New York, 423 U.S. 61, 62-63, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); Knight, 162 Wash.2d at 811, 174 P.3d 1167. As petitioner, Newlun bears the burden of showing prejudicial error, and any deficiencies in the record must be weighed against him. See Brune, 45 Wash.App. at 363, 725 P.2d 454.
¶ 19 The record is insufficient to overcome waiver in the Snohomish County cases. Although the record in case II specifies that Newlun used Randal's driver's license, the record in case I does not specify the particular means of identification or financial information. The record only establishes that Newlun presented "Guy Randal's ID with his (the defendant's) picture."
¶ 20 We recognize that at the time Newlun pleaded in the Snohomish County cases, the Supreme Court had not issued Leyda to clarify the unit of prosecution. But, Broce makes it clear that "`a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'" 488 U.S. at 572, 109 S.Ct. 757 (quoting Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Because the record cannot prove the violation, Newlun waived his ability to collaterally attack the Snohomish County convictions on double jeopardy grounds.
¶ 21 The record is equally deficient in King County. The record in that case specified that Newlun used Randal's driver's license during the criminal activity that gave rise to the King County charges. The record also demonstrated that Newlun had been convicted of identity theft in Snohomish County. But, the record did not specify the name of the victim or what form of identification Newlun used in his Snohomish County convictions, even though the Supreme Court had issued its decision in Leyda clearly defining the unit of prosecution. The record before the judge accepting Newlun's plea in the King County case does not establish grounds for the double jeopardy claim.
¶ 22 In both the Snohomish County cases and the King County case, the trial judge could not have made the determination that entering judgment upon Newlun's guilty plea would result in a double jeopardy violation from the existing record. Newlun waived his ability to challenge the convictions on double jeopardy grounds by pleading guilty.
¶ 23 We need not reach Snohomish County's additional arguments.
¶ 24 We deny the petition.
WE CONCUR: LAU, J., and DWYER, C.J.
NOTES
[1] Newlun filed this personal restraint petition challenging his convictions and sentences in King County Superior Court no. 06-1-10264-5 SEA and Snohomish County Superior Court nos. 06-1-00241-0, 06-1-00223-1, and 06-1-00648-2.
[2] Although subject to this personal restraint petition, Snohomish County cause no. 06-1-00223-1 related to different victims and is therefore not relevant here.
[3] Both plea forms stated, "I am aware that an Affidavit of Probable Cause has been filed in this case. The court may consider this Affidavit in deciding whether there is a factual basis for my plea."
[4] The law in effect at the time of Newlun's crimes was that the unit of prosecution for identity theft was the use of the victim's means of identification or financial information. See, e.g., State v. Leyda, 122 Wash.App. 633, 637-38, 94 P.3d 397 (2004). That case was reversed by State v. Leyda, 157 Wash.2d 335, 345, 138 P.3d 610 (2006).

The Legislature amended the identify theft statute after Leyda, expressly rejecting the Supreme Court's holding. Laws of 2008, ch. 207, §§ 3-4. The new statute took effect June 12, 2008. Laws of 2008, at ii (see (5)(a) setting out the effective date). The statute now clarifies that "[e]ach crime prosecuted under this section shall be punished separately under chapter 9.94A RCW." RCW 9.35.020(4).
[5] Newlun argues appendix A and B were included by reference, but no one asserts that the documents were physically present or specifically brought to the trial judges' attention at the hearings.
[6] The record on appeal is the portion of the record before the trial court designated by the parties. See generally RAP 9.1, 9.6.