IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76648-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DERWIN ROBINSON, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 22, 2019 |
| | ) | |

MANN, J. — In a prosecution where predicate convictions are an essential element of the crime, the State is required to prove the previous convictions are valid and constitutional beyond a reasonable doubt. Derwin Robinson appeals his 2016 felony conviction of violating a no-contact order. Robinson's felony conviction was predicated on Robinson's plea to two 2015 misdemeanor violations of a no-contact order based on Robinson's single act of assaulting his wife. It is undisputed that one of Robinson's 2015 convictions was based on a criminal act. It is also undisputed that the second conviction was based entirely on fiction—purportedly relying on State v. Zhao, 157 Wn.2d 188, 190, 137 P.3d 835 (2006).

Robinson argues that because the two 2015 convictions were based on a single criminal act, the second, fictitious conviction violates double jeopardy and the State failed to demonstrate two valid and constitutional predicate prior convictions. We agree with Robinson. We hold that Zhao does not provide a basis to avoid double jeopardy and convict a person for two crimes based on one criminal act. Accordingly, we reverse.

I.

On October 22, 2015, Ericka Robinson called 911 to report that Robinson, her then spouse, assaulted her. Officers responded and determined that an existing no-contact order prohibited Robinson from assaulting, harassing, or threatening bodily harm to Ericka.[1] The no-contact order did allow in-person contact between the two, but did not allow the two to reside together. According to the determination for certification of probable cause:

> Ericka stated that she and [Robinson] were at a neighboring apartment when they began to argue about a bank card and something spilling in her vehicle. Ericka ran from [Robinson] as he chased her through the apartment, trying to avoid being assaulted. [Robinson] caught up to Ericka as she neared the door to the apartment. [Robinson] pushed her and she fell out the door onto the concrete patio. When Ericka fell, she landed on her left hip, causing an abrasion and friction burns to her hip.

The following day, Ericka's father called 911 to report that he believed Robinson was back in Ericka's home. There is no indication that Ericka was home, or that a further violation of the no-contact order occurred. Officers went to the location, found Robinson inside, and arrested him.

---

[1] At the time of the event, the Robinsons shared a last name. For clarity, we refer to Ericka Robinson by her first name. No disrespect is intended.

While the 2015 information is not before us, it appears that Robinson was charged with one count of felony violation of a court order predicated on the assault. RCW 26.50.110(4). Robinson has a substantial prior criminal history and faced a long sentence for a felony conviction. Prior to trial, Robinson negotiated a settlement pleading guilty to two misdemeanor violations of a court order, in lieu of being found guilty or pleading guilty to the felony violation.

For one of the misdemeanor convictions, Robinson admitted that he willfully violated the no-contact order. The plea for the second misdemeanor was purportedly entered under Zhao and In re Barr, 102 Wn.2d 265, 684 P.2d 714 (1984). Robinson admitted that there was no factual basis for the plea. Robinson's understanding was memorialized in his plea statement:

> I am pleading guilty to two counts misdemeanor Domestic Violence Violation of a Court Order. Further, I have been advised by my attorney that this plea is legal and permissible pursuant to [Zhao] (factual basis for pleading guilty to amended charges was not required where there existed a factual basis supporting the original charges) and [Barr] ("A plea does not become invalid because an accused chooses to plead to a related lesser charge that was not committed in order to avoid certain conviction for a greater offense. The trial court must find a factual basis to support the original charge, and determine that defendant understands the relationship of his conduct to that charge. Defendant must be aware that the evidence available to the State on the original offense is sufficient to convince a jury of his guilt.") Pursuant [Zhao] and [Barr], on or about 10/22/15, in King County, WA, I did know of and willfully violate the terms of a court order issued on 9/15/15 by the King County Superior Court pursuant to RCW chapter 10.99 for the protection of Ericka Sanders-Robinson, my wife and mother of my child, in violation of the conditions listed in that order.

After a subsequent incident between Robinson and Ericka in October 2016, the State charged Robinson with one count of felony violation of a no-contact order under two theories: (1) that Robinson's conduct during the no-contact violation was an assault

under RCW 26.50.110(4)[2] or (2) that Robinson's two prior misdemeanor convictions for violating a no-contact order elevated the crime to a felony under RCW 26.50.110(5).[3] After the State agreed not to proceed on the assault theory and pursue only the two prior misdemeanors theory, the parties stipulated to a bench trial.

By pretrial motion, Robinson asked the trial court to preclude the two prior 2015 misdemeanor convictions as predicate convictions supporting the felony charge under RCW 26.50.110(5). Robinson argued that his two misdemeanor convictions were insufficient predicate convictions to elevate the current charge to a felony no-contact violation under the statute because there was only one factual basis to support the two charges.

The trial court denied Robinson's motion to exclude the predicate conviction. The court held that RCW 26.50.110 did not preclude predicate convictions based on a Zhao plea. After reviewing Robinson's plea statement from the 2015 convictions, the trial court found:

> Although oddly written, the parties agree that the above statement constituted a "straight plea," of guilty to one count of Domestic Violence Misdemeanor Violation of Court Order, and a Zhao plea of guilty as to the second count. The parties further agree that there is no factual basis to support a second conviction for Domestic Violence Misdemeanor Violation of a Court Order.

Following a stipulated bench trial, Robinson was found guilty of felony violation of a court order—domestic violence.

Robinson appeals.

_____

[2] "Any assault that is a violation of an order issued under this chapter . . . and that does not amount to assault in the first or second degree ... is a class C felony." RCW 26.50.110 (4).

[3] "A violation of a court order issued under this chapter, chapter . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter." RCW 26.50.110(5) (emphasis added).

II.

Robinson was charged and convicted of felony violation of a no-contact order predicated on the allegation that he had "at least two prior convictions for violating the provisions of an order" issued under specific statutes. RCW 26.50.110(5). In a prosecution where predicate convictions are an essential element of the crime, such as in the case of RCW 26.50.110(5), the State is required to prove the previous convictions beyond a reasonable doubt. State v. Carmen, 118 Wn. App. 655, 666, 77 P.3d 368 (2003). Robinson argues that the State failed to meet its burden to prove that he had two valid and constitutional prior convictions for violating a no-contact order. We agree.

Procedurally, and as a preliminary matter, the trial court determines the validity of a prior conviction for the purpose of RCW 26.50.110(5). State v. Miller, 156 Wn.2d 23, 31, 123 P.3d 827 (2005); Carmen, 118 Wn. App. at 665. As our Supreme Court has explained,

> First, a defendant may raise a defense to such a prosecution by alleging the constitutional invalidity of a predicate conviction, and second, upon doing so, the State must prove beyond a reasonable doubt that the predicate conviction is constitutionally sound. In raising this defense, the defendant bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction. Only after the defendant has made this initial showing does the State's burden arise.

State v. Summers, 120 Wn.2d 801, 812, 846 P.2d 490 (1993). We review the validity of a predicate offense de novo. Carmen, 118 Wn. App. at 663.

A.

The State based its 2016 felony no-contact charge on Robinson's 2015 plea and conviction for two misdemeanor no-contact violations. The 2015 plea and convictions, however, were based on an erroneous application of Zhao. Zhao allows a defendant to

plead guilty to an amended charge for which there is no factual basis, so long as there is a factual basis for the original charge. Zhao, 157 Wn.2d at 200. Zhao does not, however, allow a defendant to be convicted of two separate crimes based on one criminal act and one original charge.

The defendant in Zhao was originally charged with two counts of first degree child molestation based on two separate incidences involving two separate children in a restroom at the restaurant where Zhao worked. Zhao, 157 Wn.2d at 191. The State offered to amend the charges to two counts of conspiracy to commit indecent liberties and one count of second degree assault. In order to avoid a possible indeterminate sentence, Zhao entered an Alford[4] plea of guilty to the amended charges, despite no factual basis supporting the conspiracy element because Zhao acted alone. Zhao, 157 Wn.2d at 191.

Zhao subsequently moved to withdraw his plea arguing that he did not expressly confirm that he understood that he was pleading guilty to charges for which there was no factual basis. The trial court denied Zhao's request to withdraw his plea. Zhao, 157 Wn.2d at 196. On appeal, the Supreme Court first addressed whether a trial court has authority to accept a plea where "where there is no factual basis for the ultimate charges." Zhao, 157 Wn.2d at 198. After considering the CrR 4.2(d) requirement that the trial court must find a factual basis for a plea of guilty, the Court held that a defendant can plead guilty to an amended charge with no factual basis so long as there was a factual basis for the original charge.[5]

_____

[4] Under an Alford plea, a defendant may take advantage of a plea agreement without acknowledging guilt. N. Carolina v. Alford, 400 U.S. 25, 36, 91 S. Ct. 160, 27 L. Ed. 2d 162.

[5] CrR 4.2(d) provides:

Since the factual basis requirement, both in case law and in this court's rule is founded on the concept of voluntariness, we hold that a defendant can plead guilty to amended charges for which there is no factual basis, but only if the record establishes that the defendant did so knowingly and voluntarily and that there at least exists a factual basis for the original charge, thereby establishing a factual basis for the plea as a whole. Doing so supports a flexible plea bargaining system through which a defendant can choose to plead guilty to a related charge that was not committed, in order to avoid near certain conviction for a greater offense.

Zhao, 157 Wn.2d at 200.

Critical to our analysis here, however, is that Zhao was originally charged with two counts of first degree child molestation, each supported by a distinct criminal act or factual basis. Zhao then pleaded to two lesser counts of conspiracy to commit indecent liberties—acts that were not supported by a factual basis because there was no evidence of a conspiracy. The Supreme Court affirmed the trial court's decision to deny Zhao's motion to withdraw his plea because, while the two amended charges were not supported by a factual basis, there was a factual basis for each of the two originally charged crimes.

In contrast, Robinson was originally charged with one act of felony violation of a no-contact order predicated on an assault. The charge was based on one criminal act—the October 22, 2015 contact and assault. There was a factual basis to support only one original charge. Robinson pleaded to and was convicted of, however, two counts of misdemeanor violation of a no-contact order. It is undisputed that there is no factual basis for a second charge. Both the State and trial court misapplied Zhao in

---

The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea unless it is satisfied that there is a factual basis for the plea. (Emphasis added.)

determining that Zhao allows a defendant to plead guilty to two criminal charges based solely on a single criminal act.

B.

Because there was only one criminal act supporting Robinson's 2015 conviction, Robinson argues that his two 2015 convictions are not constitutionally valid because they violate the double jeopardy clause. We agree.

The double jeopardy clause of the U.S. Constitution provides that no individual shall "be twice put in jeopardy of life or limb" for the same offense, and the Washington Constitution provides that no individual "be twice put in jeopardy for the same offense." U.S. CONST. Amend. V; CONST. Art. I, § 9. The Fifth Amendment's double jeopardy protection "is applicable to the States through the Fourteenth Amendment." Benton v. Maryland, 395 U.S. 784, 787, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). The double jeopardy provisions of the state and federal constitutions protect against (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 865 (1969) overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); State v. Gocken, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995).

When a person is charged with multiple counts of the same offense, "each count must be based on a separate and distinct criminal act." State v. Mutch, 171 Wn.2d 646, 662, 254 P.3 803 (2011). While the reviewing court looks to the entire record, review is "rigorous and among the strictest" to protect against double jeopardy. It must be

"manifestly apparent" from the record, testimony, and argument that the two identical charges are based on separate acts. Mutch, 171 Wn.2d at 664.

Here, it is undisputed that Robinson's two 2015 convictions for misdemeanor violation of a no-contact order are based on one act. The determination for certificate of probable cause describes only a single act—the October 22, 2015 assault of Ericka. There is no evidence of a second and distinct criminal act supporting Robinson's second conviction. Consequently, Robinson's second 2015 conviction for violation of a no-contact order—which all parties agree was based on pure fiction—violated the double jeopardy clause and must be vacated. Mutch, 171 Wn.2d at 664.

## C.

The State argues that by pleading guilty to the two 2015 convictions, Robinson waived his right to collaterally attack the 2015 convictions. We disagree.

"A guilty plea generally insulates the defendant's conviction from collateral attack." State v. Knight, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008). There are, however, exceptions to the general rule, and particularly where "on the face of the record the court had no power to enter the conviction or impose the sentence." U.S. v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). This includes a facial violation of double jeopardy. As our Supreme Court summarized in Knight,

> Claims that go to the very power of the State to bring the defendant into court to answer the charge brought against him are not waived by guilty pleas. The double jeopardy clause precludes the State from haling a defendant into court on a charge and is not waived by a guilty plea. After the guilty plea the double jeopardy violation must be clear from the record presented on appeal, or else be waived. But where a double jeopardy violation is clear from the record, a conviction violates double jeopardy even where the conviction is entered pursuant to a guilty plea.

162 Wn.2d at 811-12 (internal quotations and citations omitted).

As discussed above, Robinson's 2015 convictions for violation of a no-contact order violate double jeopardy and this violation is clear from the record. The determination for certificate of probable cause describes only a single act—the October 22, 2015 assault of Ericka. Robinson's plea statement recognized only a single criminal act and a fictitious act that Robinson was informed was allowed under Zhao. And finally, the trial court found that Robinson's convictions were from a "straight plea" based on the October 22, 2014 assault, and that the "parties further agree that there is no factual basis to support a second conviction for Domestic Violence Misdemeanor Violation of a Court Order." Because the double jeopardy violation is clear from the record, Robinson did not waive his right to collaterally attack the validity 2015 convictions.

Consequently, because Robinson may collaterally attack the 2015 convictions, and because the second fictitious 2015 conviction must be vacated as violating the double jeopardy clause, we conclude that based on the record before us, the State failed to prove the existence of the two predicate misdemeanor violations of a no-contact order that supported Robinson's 2016 felony violation of a no-contact order.

We reverse.[6]

_Mann, J._

WE CONCUR:

_Chun, J._

_Appelwick, C.J._

_____

[6] Because we reverse Robinson's conviction, we do not reach Robinson's claims that the trial court refused to consider his request for an exceptional sentence, or that the trial court improperly considered his previous assault during sentencing, and that imposition of a $100 fee for collection of DNA was improper under RCW 43.43.7541 and State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018).

-10-