# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52996-3-II |
| Respondent, | |
| v. | |
| LONNIE DAVID MARTIN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Lonnie David Martin pled guilty to two counts of first degree possession of depictions of minor engaged in sexually explicit conduct (PDM1) and one count of second degree possession of depictions of minor engaged in sexually explicit conduct (PDM2). Martin appeals his conviction for PDM2, arguing that the conviction violates double jeopardy and the trial court erred by denying his motion to dismiss the PDM2 charge. Martin also filed a statement of additional grounds (SAG),[1] claiming that his offender score was too high because he was a first time offender, that 36 months of community custody was too long, and that requiring sex offender registration was excessive because he had no prior record and there were no direct victims.

We affirm.

---

[1] RAP 10.10.

FACTS

On May 24, 2018, the State charged Martin with two counts of PDM1 (counts I and II) and one count of PDM2 (count III). PDM1and PDM2 are distinguished by the content of the images. RCW 9.68A.070; RCW 9.68A.011(4). The State did not specify what photographs or videos it alleged supported each charge in the information, but the State did attach a copy of the certificate of probable cause which described seven photographs and videos found in Martin's possession.

Martin pled guilty to all counts as charged. In his statement of defendant on plea of guilty, Martin stated, "Between Nov. 21 [and] Nov. 27, 2017[,] I possessed three images of nude minors engaged in sexual conduct with adults in Kitsap County[,] WA." Clerk's Papers (CP) at 18. The trial court accepted Martin's plea, stating "I am finding that there is a factual basis for the plea. I am finding that you are entering into the plea knowingly, intelligently, and voluntarily; [and] that you understand the charges and consequences of the plea," and found Martin guilty as charged. Verbatim Report of Proceedings (Oct. 4, 2018) at 7.

After pleading guilty, but before the sentencing hearing, Martin moved to dismiss the PDM2 conviction. Martin argued that convicting him of PDM1 and PDM2 would violate double jeopardy based on the unit of prosecution for each offense.[2] In response, the State moved to set aside Martin's guilty plea. The trial court denied both motions.

---

[2] The relevant units of prosecution are defined by RCW 9.68A.070. For PDM1, "each depiction or image of visual or printed matter constitutes a separate offense." RCW 9.68A.070(1)(c). For PDM2, "each incident of possession of one or more depictions or images of visual or printed matter constitutes a separate offense." RCW 9.68A.070(2)(c).

The trial court issued findings of fact and conclusions of law denying Martin's motion to dismiss the PDM2 conviction. The trial court relied on *United States v. Broce*[3] and found that "[i]n pleading guilty, the defendant admitted the legal consequences of his plea. Namely, that the second-degree image constituted a separate unit of prosecution from the first-degree images, each depiction to (sic) which is legislatively defined as a separate unit of prosecution." CP at 78.

The trial court calculated Martin's offender score as six. At the sentencing hearing, the trial court sentenced Martin to 46 months total confinement. The trial court also imposed 36 months of community custody and required Martin to register as a sex offender.

Martin appeals his conviction for PDM2.

ANALYSIS

Martin appeals his conviction for PDM2, arguing that the conviction violates double jeopardy. Martin also filed a SAG, claiming that his offender score was miscalculated and that the terms of community custody and sex offender registration were improper. Because Martin's PDM2 conviction does not violate double jeopardy and his SAG challenges lack merit, we affirm.

A.     DOUBLE JEOPARDY

Martin argues that the trial court erred by denying his motion to dismiss because his conviction for PDM2 violates double jeopardy. We disagree because Martin pled guilty based on separate and distinct acts.

---

[3] *United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757 102 L. Ed. 2d 927 (1989).

1.      Legal Principles

Double jeopardy prohibits a person from being "twice put in jeopardy" for the same offense. U.S. CONST. amend. V; WASH. CONST. art I, § 9. Double jeopardy generally means that "a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense." *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 980, 329 P.3d 78 (2014).

Due process requires that a defendant's plea must be made knowingly, intelligently, and voluntarily. *State v. Codiga*, 162 Wn.2d 912, 922, 175 P.3d 1082 (2008). Before accepting a plea, the trial court must first determine that the plea is made "'voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea.'" *Id*.

A court entering multiple convictions for the same offense violates double jeopardy. *In re Pers. Restraint of Francis*, 170 Wn.2d 517, 523, 242 P.3d 866 (2010). When a person is charged with multiple counts of the same offense "'each count must be based on a separate and distinct criminal act.'" *State v. Robinson*, 8 Wn. App. 2d 629, 638, 439 P.3d 710 (2019) (quoting *State v. Mutch*, 171 Wn.2d 646, 662, 254 P.3d 803 (2011)). A guilty plea, by its nature, admits factual guilt and also admits the acts described in the information and the plea's legal consequence. *Francis*, 170 Wn.2d at 522, 530.

In *Broce*, the United States Supreme Court considered whether the defendant who pled guilty to two counts of conspiracy could later argue that he only committed one conspiracy. *Broce*, 488 U.S. at 563. The United States Supreme Court determined that "[a] guilty plea 'is more than a confession which admits that the accused did various acts.'" *Id*. at 570 (quoting *Boykin v.*

*Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)).  It is an "'admission that he committed the crime charged against him.'"  *Id.*  (quoting *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970))..  "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."  *Id*.  "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes."  *Id*.

But the mere act of pleading guilty does not waive a double jeopardy challenge.  *Francis*, 170 Wn.2d at 522.  We review alleged double jeopardy claims de novo.  *Villanueva-Gonzalez*, 180 Wn.2d at 979-80.

> 2.      No Double Jeopardy

Martin attempts to distinguish *Broce*, arguing that *Broce* should not control because he "did not enter into a plea agreement with the prosecution and he did not stipulate to any facts in the indictment or statement of probable cause."  Br. of Appellant at 9.  However, the decision in *Broce* was based on the legal effect of a guilty plea, not on the existence of a plea agreement.  488 U.S. at 570.  Therefore, Martin has not presented any legal reason for disregarding the holding in *Broce*.  And while Martin is correct that he did not stipulate to any facts in the information or statement of probable cause as discussed below, Martin's statement of defendant on plea of guilty is sufficient to resolve the issue before us.

Here, Martin admitted guilt to three substantive crimes by pleading guilty to two counts of PDM1 and one count of PDM2 and stating that he "possessed three images of nude minors engaged

in sexual conduct with adults." CP at 18. The elements of each offense are distinct. A charge of PDM1 requires a depiction of sexual intercourse, penetration of the vagina or rectum, or masturbation, sadomasochistic abuse, or defecation or unrination. RCW 9.68A.011(4)(a)-(e). And PDM2 requires a depiction of genitals or other unclothed areas of a minor, or touching of the clothed or unclothed genitals or other areas of a minor. RCW 9.68A.011(4)(f)-(g). By entering a knowing, intelligent, and voluntary guilty plea, which Martin does not dispute, Martin must have known the character of these offenses. And he admitted that he possessed three separate photographs which he must have known supported each count he pled guilty to. Therefore, Martin's guilty plea shows that he knowingly, voluntarily, and intelligently pled guilty to three separate and distinct acts that supported three separate and distinct charges. This is sufficient to support the trial court's conclusion that each count charged was based on a separate and distinct criminal act — the possession of each photograph.

Martin's guilty plea admits both factual guilt and the legal consequences that can be derived from it. Martin's conviction for PDM2 does not violate double jeopardy because he stated he possessed "three images" and pled guilty to three counts, which supports his conviction of two counts of PDM1 and one count of PDM2. We hold that the trial court did not err in denying Martin's motion to dismiss the PDM2 conviction and affirm Martin's conviction for PDM2.

B.     SAG

1.     Offender Score

Martin claims that his offender score is too high because he is a first time offender. We disagree.

6

RCW 9.94A.525(17) states that "[i]f the present conviction is for a sex offense, . . . count three points for each adult and juvenile prior sex offense conviction." When a person is being sentenced for two or more current offenses, prior convictions include both prior and other current convictions. RCW 9.94A.525(1); RCW 9.94A.589(1)(a).

Here, Martin was sentenced for three sex offense convictions based on an offender score of six. Because Martin was being sentenced for more than one sex offense, all other current convictions must be treated as if they were prior convictions for the offender score calculation. RCW 9.94A.589(1)(a). Therefore, each other sex offense conviction counted for three points. RCW 9.94A.525(17). Thus, Martin's offender score was correctly calculated at six. Martin's claim that his offender score is too high for a first time offender is not persuasive because the trial court calculated his offender score correctly per the statutory rules for sex offense convictions.

2. Length of Community Custody and Sex Offender Registration

Martin also claims that the 36 months of community custody and the requirement to register as a sex offender are excessive because he had no prior record and there were no direct victims. We disagree.

a. Community custody

Martin was sentenced to 36 months of community custody. A community custody term of 36 months is mandatory for all persons convicted of a sex offense under RCW 9.94A.701. RCW 9.94A.701 requires the court to impose, in addition to the other terms of the sentence, a community

custody sentence of 36 months for persons convicted of a sex offense that are not sentenced under RCW 9.94A.507.[4]

Here, there is no dispute that Martin was convicted of sex offenses and that RCW 9.94A.507 is not applicable. Thus, Martin's argument that it is excessive to receive 36 months of community custody because he has "no prior record" and "no direct victims" is not persuasive. SAG at 1.

> b. Sex offender registration

RCW 9A.44.130(1)(a) requires

> [a]ny adult . . . who has been found to have committed or has been convicted of any sex offense . . . shall register with the county sheriff for the county of the person's residence, or if the person is not a resident of Washington, the county of the person's school, or place of employment or vocation, or as otherwise specified in this section.

Both PDM1 and PDM2 are class B felony sex offenses. RCW 9.68A.070(1)(a), .070(2)(b). A person convicted of a class B felony sex offense is required to register as a sex offender for 15 years. RCW 9A.44.140(2). Thus, Martin's argument that registering as a sex offender "at all" is "excessive" also is not persuasive. SAG at 1.

---

[4] A person is sentenced under RCW 9.94A.507 if he is a nonpersistent offender convicted of one of the sex offenses or offenses with sexual motivation listed in the statute, which does not include PDM1 or PDM2.

No. 52996-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Maxa, J.

Glasgow, J.