# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56082-8-II |
| Respondent, | |
| v. | |
| DANIEL HOWARD TYNER, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J.—Daniel H. Tyner appeals his conviction for felony violation of a court order—domestic violence and attempts to appeal his conviction for obstructing a law enforcement officer. He contends his prior convictions that were used to support his current felony violation of a court order conviction violate double jeopardy and therefore do not qualify as predicate offenses to support his current conviction. He further contends sufficient evidence does not support his obstruction conviction. Because Tyner did not timely appeal the obstruction conviction, we do not reach his sufficiency of the evidence argument. We affirm Tyner's felony violation of a court order conviction.

## FACTS

Police responded to a 911 call regarding a possible assault. When police arrived, Tyner was on top of his former girlfriend, P.G.[1], and had both of his hands gripping the collar of her shirt.

---

[1] We use initials to protect the identity of the domestic violence victims in this case.

When Tyner saw the police, he got up and started walking away. When one of the officers told Tyner to come back, he refused. The officer grabbed Tyner and a struggle ensued; police ultimately arrested Tyner.

The State charged Tyner with felony violation of a court order—domestic violence based on assault (count one), felony violation of a court order—domestic violence based on prior violations of a no contact order (count two), assault in the fourth degree (count three), assault in the third degree (count four), and obstructing a law enforcement officer (count five). To establish prior violations to support count two, the State offered evidence of two 2016 convictions for violation of a no contact order.

The State's evidence showed that in 2016, a municipal court issued a no contact order stating that Tyner was to have no contact with his then girlfriend, D.W. Tyner violated that order and in September 2016 pled guilty to felony violation of a court order and misdemeanor violation of a court order.[2] Both the felony and misdemeanor judgment and sentences state that the date of the crime was "5/27/2016 through 05/30/2016." Clerk's Papers (CP) at 81, 87.

The State also offered the probable cause statement and charging documents to establish the prior convictions. The probable cause statement states that in 2016 police were dispatched to D.W.'s home. D.W. told the police that she allowed Tyner to come back to her house on May 24, 2016. She explained that Tyner was initially nice, but then began smoking methamphetamine and became highly aggressive. He pushed her around the house, threatened her with various weapons, and repeatedly raped her. D.W. stated that the last rape occurred in her house on the morning of May 29, 2016.

---

[2] Tyner indicated on his guilty plea statement for the felony violation of a court order offense that he was entering an "Alford Plea." Clerk's Papers (CP) at 106. Tyner agreed that the trial court could use the probable cause statement to establish a factual basis for this offense.

Police obtained a statement from a mutual friend of D.W. and Tyner's, who was staying in D.W.'s garage. The friend stated that he was woken up by loud arguing between Tyner and D.W., followed by Tyner bursting into the garage and stating, "I have to get out of here, the cops are getting called." CP at 92. The friend then drove Tyner to the Kenmore area. The probable cause statement indicates that police found Tyner "later in the morning on 05/30/2016 and [took him] into custody because he had come back to [D.W's] residence, thus violating the No Contact again." CP at 92.

In 2016, the State charged Tyner with rape in the first degree, felony violation of a court order—domestic violence, assault in the second degree—domestic violence, and misdemeanor violation of a court order—domestic violence. The information stated that both charges for violation of a court order occurred "between May 27, 2016 and May 30, 2016." CP at 120. Relevant to this appeal, Tyner pled guilty to felony violation of a court order and misdemeanor violation of a court order. In his guilty plea statement for felony violation of a court order, Tyner stated, "Between May 24, 2016, and May 30, 2016, in King County, Washington, I knew of and willfully violated the terms of a valid domestic violence no contact order by going to the residence of [D.W.], my girlfriend, and intentionally touching her offensively and without her permission." CP at 106. And in his plea statement on the misdemeanor violation of a court order charge, Tyner stated, "Between 5/27/16 and 5/30/16, in King County, Washington, I knowingly and willfully violated the distance provision of a valid [domestic violence] no contact order by going to the residence of [D.W.], my girlfriend." CP at 116.

During the trial on his current charges, Tyner filed a motion challenging the constitutionality of the 2016 convictions. He argued that the predicate offenses used to support the felony violation of a court order—domestic violence charge violated double jeopardy. The

trial court rejected Tyner's argument, concluding that the prior convictions did not violate double jeopardy because they were separate violations: one was for offensively touching D.W. in violation of a court order and the other for going to her residence.

A jury found Tyner guilty of all counts in the current matter. Tyner filed a motion for a new trial, which the trial court granted solely on the assault in the third degree conviction. Tyner then elected to plead guilty to the lesser charge of resisting arrest. The court concluded that count one (felony violation of a court order—domestic violence based on assault) merged into count two (felony violation of a court order—domestic violence based on prior violations of a no contact order) and vacated count one.

On July 23, 2021, the trial court entered a felony judgment and sentence for the felony violation of a court order conviction. The court entered a separate misdemeanor judgment and sentence for the assault in the fourth degree and obstructing a law enforcement officer conviction. And the court entered another misdemeanor judgment and sentence for the resisting arrest conviction.

Tyner solely appealed the felony judgment and sentence for the felony violation of a court order conviction.

## ANALYSIS

I.  FELONY VIOLATION OF COURT ORDER CONVICTION

Tyner contends the State failed to prove beyond a reasonable doubt that he had two valid and constitutional prior convictions for violating a court order to elevate his current violation of a court order—domestic violence offense from a misdemeanor to a felony. We disagree.

A.      Legal Principles

Former RCW 26.50.110(5) (2020) provides, in relevant part that "violation of a court order issued . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of an order." Predicate convictions pose as an element for felony violations of a court order under RCW 26.50.110(5). *State v. Robinson*, 8 Wn. App. 2d 629, 635, 439 P.3d 710 (2019). When predicate convictions are an essential element of a crime, the State must prove the previous convictions beyond a reasonable doubt. *Id.*

A defendant may raise a defense to a prosecution based on an earlier conviction by alleging the constitutional invalidity of a predicate conviction. *State v. Summers*, 120 Wn.2d 801, 812, 846 P.2d 490 (1993). On doing so, the State must then prove beyond a reasonable doubt that the predicate conviction is constitutionally sound. *Id.* The trial court determines the validity of a prior conviction for the purpose of former RCW 26.50.110(5). *Robinson*, 8 Wn. App. 2d at 635. We review the validity of a predicate offense de novo. *Id.*

B.      Double Jeopardy

Tyner contends his predicate offenses violate double jeopardy; therefore, they cannot count as two predicate offenses to satisfy former RCW 26.50.110(5). The trial court rejected Tyner's argument, concluding that the convictions did not violate double jeopardy because they were separate violations: one was for offensively touching D.W. in violation of a court order and the other for going to her residence. We agree with the trial court.

The double jeopardy clause of the United States Constitution provides that no individual shall "be twice put in jeopardy of life or limb" for the same offense, and the Washington Constitution provides that no individual "be twice put in jeopardy for the same offense." U.S. CONST. amend. V; CONST. art. I, § 9.

When a person is charged with multiple counts of the same offense, "each count must be based on a separate and distinct criminal act." *State v. Mutch*, 171 Wn.2d 646, 662, 254 P.3d 803 (2011). It must be manifestly apparent from the record, testimony, and argument that the two charges are based on separate acts. *Id.* at 664.

Here, Tyner's 2016 convictions for felony violation of a court order and misdemeanor violation of a court order are based on two separate acts. In 2016, the State charged Tyner with, inter alia, felony violation of a court order—domestic violence and misdemeanor violation of a court order—domestic violence. While the information stated that both charges occurred between May 27, 2016 and May 30, 2016, the State provided additional details of the two offenses. Tyner stated in his plea statement that the felony violation was based on him "going to the residence of [D.W.], my girlfriend, and intentionally touching her offensively and without her permission." CP at 106. And in his plea statement on the misdemeanor violation of a court order charge, Tyner stated, "I knowingly and willfully violated the distance provision of a valid [domestic violence] no contact order by going to the residence of [D.W.], my girlfriend." CP at 116.

Additionally, the State offered the probable cause statement for the two offenses.

The probable cause statement clearly shows Tyner came to D.W.'s residence, assaulted her, left, and then returned to her residence. Because there were two separate criminal acts of violating a court order, the initial assault and then Tyner's return to D.W.'s home, Tyner's two 2016 convictions do not violate double jeopardy. The predicate offenses are constitutionally valid to support his current felony violation of a court order offense. Thus, the State met its burden in proving the previous convictions beyond a reasonable doubt. *Robinson*, 8 Wn. App. 2d at 635.

II.     OBSTRUCTION CONVICTION

Tyner next contends that sufficient evidence does not support his obstruction conviction. But Tyner did not properly appeal this conviction.

Under RAP 5.1(a), "[a] party seeking review of a trial court decision reviewable as a matter of right *must* file a notice of appeal." (Emphasis added.)  The notice must be filed within 30 days of the entry of the judgment the party wants reviewed.  RAP 5.2(a).

On July 23, 2021, the trial court entered separate judgment and sentences for Tyner's convictions.  Tyner's notice of appeal states that he is appealing "the" (singular) July 23 judgment and sentence attached to the notice of appeal.  The judgment and sentence attached to the notice of appeal related to his felony violation of a court order conviction.  Tyner did not file a notice of appeal of the judgment and sentence relating to the obstruction conviction.  For this reason, review of the obstruction conviction is not properly before this court.  Accordingly, we decline to reach Tyner's sufficiency of the evidence argument.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur;

_____
Lee, J.

_____
Glasgow, C.J.

7